. WILLIAM MEHRLE

*v.*

PATRICK DUNNE *et al.*

1. PARTIES IN CHANCERY — *mechanic's lien*. A sub-contractor, seeking to enforce a lien as against the owner of the building for labor or materials furnished, is required to make *all* persons who have done work or furnished materials for such building defendants, and the amount found due must be divided among the several claimants in proportion to their respective interests, to be ascertained by the court.

2. MECHANIC'S LIEN — *when the contract is not completed*. On petition by a sub-contractor for a mechanic's lien, where the original contractor has failed to complete his contract, the owner will only be liable for so much as the work and materials shall be shown to be reasonably worth according to the original contract price, first deducting so much as shall have been rightfully paid under the contract, and damages, if any, sustained by the owner, growing out of the non-fulfillment of the contract, as the owner is entitled to the benefit of his contract.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This was a petition for a mechanic's lien, filed by Patrick Dunne and John F. Scanlan against William Mehrle, George L. Cross, William B. Champion and The United States Mortgage Company.

William Mehrle was the owner of the building, and Cross & Champion were the original contractors. It appeared that there were other lien holders who were not made parties. The material facts of the case are stated in the opinion. The court below decreed in favor of petitioners, and the defendant Mehrle alone appealed.

Messrs. DeLany & Ferm, for the appellant.

Messrs. Rountree & McHugh, for the appellees.

Mr. Justice Scott delivered the opinion of the Court:

This was a proceeding to enforce a mechanic's lien in favor of a sub-contractor, under the act of 1869. Cross and Champion, by their contract, of the date of August 12, 1872, had undertaken to do "all the mason work and plastering upon a brick building" to be erected for appellant on premises owned by him. Appellees furnished brick to the contractors to be used in the construction of the building. The testimony shows there was due appellees for materials furnished the contractors, that were used in appellant's building, the sum of $586.11. Notice was given within twenty days after the materials should have been paid for, that appellees would insist upon a lien under the statute. That there was something due the original contractors from appellant at the date of the service of notice does not admit of a doubt, but it appears there were other persons having liens entitled to share *pro rata* with themselves.

Counsel for appellees very justly claim this petition was not framed under the seventh section of the act of 1869. It is proven by the most satisfactory evidence the original contractors for some reason failed to complete the building according to their agreement. By the terms of the written contract it was to have been completed by the 1st day of November, 1872, but it was not in fact finished until in January following. Appellant was compelled to employ other persons to complete the work left

unfinished by the contractors. They did but little, if any, work after the first of November. The petition therefore cannot be maintained except under the provisions of the seventh section of the statute.

Under the statute, and by the plainest principles of justice, appellant is entitled to the benefit of his contract with the contractors. They failed to perform it, and all the owner is liable for in such cases is so much as the work and materials shall be shown to be reasonably worth according to the original contract price, first deducting so much as shall have been rightfully paid under the contract, and damages, if any, that may be found to be occasioned the owner by reason of the non-fulfillment of the original contract. Any person seeking to enforce a lien in his favor is required to make all persons who have done work, or furnished materials for such building, defendants, and the amount found due shall be divided between the several claimants in proportion to their respective interests, to be ascertained by the court.

This, appellees have not done, and the decree, for this reason, is erroneous. The decree will therefore be reversed, and the cause remanded, with leave to appellees, if they choose to avail of it, to amend their petition and proceed under the seventh section of the statute.

*Decree reversed.*