# Winston Meeks

## *v.*

## William H. Sims *et al.*

1. Mechanic's lien—*time for filing petition by sub-contractor.* A petition to enforce a lien by a sub-contractor is in time if filed within three months after the money becomes due to the original contractor, although it is more than three months after it is due from the original contractor to such sub-contractor.

2. Same—*not discharged by receiving an order for the money, unless received as absolute payment.* The acceptance by the owner of a building of an order drawn on him by the contractor, in favor of a sub-contractor, for the amount due such sub-contractor for labor or material furnished in the construction of a building, unless received by such sub-contractor as absolute payment, is not a discharge of his lien on the building.

3. Sub-contractor—*need not consolidate his claim with other claims in a suit before justice.* A sub-contractor does not lose his lien on a building by failing to consolidate his claim for labor thereon with other claims, in a suit against the original contractor before a justice of the peace, such other claims only in no way connected with the lien sought to be enforced.

4. Parties—*to petition for a mechanic's lien.* It is not necessary to make any one a party to a petition to enforce a mechanic's lien, who may have done work on the same building, unless he has an interest therein. If he has been paid for his work, or has no interest in the property, he is not only not a necessary party, but it would be improper to make him a party.

Appeal from the Circuit Court of Ford county; the Hon. Thomas F. Tipton, Judge, presiding.

Messrs. Gray & Swan, for the appellant.

Messrs. Pollock & Sample, for the appellees.

Mr. Justice Walker delivered the opinion of the Court:

It appears that appellant employed Carney & Sons to erect for him a building on some lots of ground in the town of Gibson, in Ford county, in this State. This agreement was entered into on the 23d of April, 1874, and, to procure material for the purpose, Carney & Sons purchased of appellees lumber, which they furnished between the time the contract to build the house was entered into and the 1st of the next September. They also furnished other building material to be used in the structure.

On the 14th day of September, 1874, appellees served a notice on appellant, that they had furnished lumber and materials to Carney & Sons, which had been used in the building, amounting to $786.78, and that they would hold the building and appellant's interest in the ground liable for its payment. There is evidence tending to prove that appellant owed Carney & Sons, at that time, a sum equal to or greater than appellees' claim.

Appellees filed their petition, to enforce their lien as material-men, on the 12th of June, 1875. A hearing was subsequently had, when the court found the issues for petitioners,

and that there was due to them $767, and that they have a lien
on the premises, and decreed payment of the amount within
thirty days, and, on a default in its payment, that the premises
be sold.    Defendant appeals to this court, and asks a reversal.

. It is insisted that the petition was not filed in time to obtain
the benefits of the 39th and 47th sections of the lien law.    The
latter of these sections provides that no petition shall be filed
or suit commenced, unless the same shall be brought within
three months from the performance of the sub-contract, pro-
vided, if any delay shall be occasioned by reason of the amount
not being due the original contractor, the time of such delay
shall not be counted.    In this case, appellant claimed that the
money was not due to the original contractors until a settle-
ment should be had with them, and a settlement was not had
until in April, 1875, and the petition was filed in the follow-
ing June, which was less than three months after this settle-
ment, and, according to the claim of appellant as to the time
when the money became due to the contractors, this fully
satisfied this requirement of the statute.

But it is urged that appellees, in their notice, said the money
was then due to them.    Suppose it was due them from the
contractors, in what possible manner could that affect their
claim against appellant, under the 47th section?    The proviso
of that section most unmistakably saves the lien, and gives
the right to sue at any time within three months after the
money became due to the contractors.    This is the plain and
obvious language of the statute, and appellant's position can
not be sustained without rejecting the entire proviso of that
section.    There is nothing in this objection.

. We fail to find that Carney & Sons sued appellant on this
claim by any agreement or under any arrangement with appel-
lees, and hence we perceive no grounds for insisting that suit
formed an estoppel to this claim.

We held in the cases of *Van Court* v. *Bushnell*, 21 Ill. 624,
and *Brady* v. *Anderson*, 24 ib. 110, that the taking a note of
the owner, unless in absolute payment of the claim, would
not discharge the lien, although it might draw interest.    Hence

it does not matter, in the slightest degree, whether appellant accepted the order drawn by Carney & Sons, in favor of appellees, for the amount due them, as there is nothing to show that, if it was accepted, it was an absolute payment and discharge of the lien. There is no evidence tending to prove that fact, and appellant positively denies that it was ever accepted, and whether it was or not, does not affect the case in any degree. There is not the slightest force in this objection, as appellant could have known had he referred to these decisions.

It is also urged that this lien was lost by failing to consolidate this with other claims appellees held against the Carneys, on which no lien was claimed, when they brought suit before a justice of the peace. We are referred to no rule or principle having that effect. Appellant refers, however, to the 49th section of the justice of the peace statute, but we entirely fail to see the application intended. The suit before the justice of the peace was against Carney & Sons, and not appellant. It was on a claim relating to other transactions, and wholly disconnected with this lien. Again, had there been an effort to consolidate, it would have largely exceeded the justice's jurisdiction, and that section only requires a consolidation where the amount of the claim, when consolidated, does not exceed the jurisdiction of the justice of the peace. It is not suggested how a consolidation could have been made, nor is the position tenable. There is nothing in this position.

It is next claimed that appellant did not receive all the credits to which he was entitled. The evidence on that question was not harmonious, and it was for the jury to reconcile it and find its weight, and having done so, we will not disturb their verdict. That was their province, and we have no right to usurp it.

It is said the verdict was too large, but there was evidence on the part of appellees which fully sustains the finding, and we have no right to say the jury did wrong in giving weight to the evidence of appellees, rather than to that of appellant.

They may have had, and we will presume they had, the most ample reasons for their action.

There is no force in the position that other persons who did work on the building should have been made parties. It is not pretended that they were not fully paid for all they did, and if so, for what conceivable reason should they be parties? We know of no rule or reason why they should, but, on the contrary, having no interest, it would have been improper to have made them parties. We are referred to the case of *Mehrle* v. *Dunne*, 75 Ill. 239, as a case in point. In that case, it appeared that there were other persons having liens on the property who were not parties. The two cases are wholly unlike in this regard, and that case is not in point, nor is it even analogous, and hence can have no controling effect in this case.

Perceiving no error in this record, the decree of the court below must be affirmed.

*Decree affirmed.*