David Miller, et al., v. Calumet Lumber & Manufacturing Company, et al.

### Gen. No. 10,903.

1. MECHANIC'S LIEN—*what essential to allowance of, in favor of subcontractor where contractor fails to complete his contract.* Where a contractor abandons his contract before completion and the owner does not elect to complete the same, a subcontractor who has done work or furnished material upon the building in question is entitled to a lien for the nonpayment of his claim only under section 32 of the Mechanics' Lien Act of 1895, and the court in determining the right of such person to a lien must first ascertain what, if anything, is due to the contractor from the owner after allowing to such owner payments lawfully made and damages sustained by reason of the abandonment of such contract by the contractor.

Proceeding for mechanic's lien. Appeal from the Circuit Court of Cook County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed and remanded. Opinion filed January 19, 1904. Rehearings denied February 13, 1904.

JOHNSON & MORRILL, for appellants; ROBERT W. MILLAR, of counsel.

CHESTER FIREBAUGH and E. M. SHERLOCK, and ROSENTHAL, KURZ & HIRSCHL, for appellees.

**Statement by the Court.** June 17, 1901, appellants entered into a contract with William Frink to erect a building for them on their land at Chicago Heights. Frink entered into a contract with the Calumet Company, appellee, to furnish for said building certain materials at the agreed

price of $920.86, and the same were furnished.    Frink also
purchased from the Chicago Heights Company, the other
appellee, materials for said building at the agreed price of
$722.22.    Frink, the original contractor, failed to complete
the building in question and abandoned work thereon about
September 11, 1901.    The Circuit Court entered a decree
for a mechanic's lien in favor of the Calumet Company for
$920.86, and in favor of the Chicago Heights Company for
$322.22, to reverse which this appeal is prosecuted.

MR. JUSTICE BAKER delivered the opinion of the court.

Section 32 of the Lien Act of 1895 provides as follows:

"Should the contractor for any cause fail to complete his
contract, any person entitled to a lien as aforesaid may file
his petition in any court of record against the owner and
the contractor, setting forth the nature of his claim, the
amount due, as near as may be, and the names of the par-
ties employed on such house or improvement subject to
liens; and a notice of such suit shall be served on the per-
sons therein named; and such as shall appear shall have their
claims adjudicated, and decree shall be entered against the
owner and contractor for so much as the work and mate-
rials shall be shown to be reasonably worth, according to
the original contract price, first deducting so much as shall
have been rightfully paid on said original contract by the
owner, and damages, if any, that may be occasioned the
owner by reason of the nonfulfillment of the original con-
tract; the balance to be divided between such claimants in
proportion to their respective interests to be ascertained by
the court."

Frink, the contractor, having failed to complete the build-
ing according to his contract with appellants and having
left and abandoned work on said building, and appel-
lants not having elected to complete the building under
the provisions of section 32, they can only maintain a peti-
tion for a lien under the provisions of said section 32.
Mehrle v. Dunne, 75 Ill. 239.    If the objection that "the
names of the parties employed on such house or improve-
ment subject to liens" are not set forth in the petition or
intervening petition, be held waived by the failure of appel-
lants to demur specially for want of parties, as to which
we express no opinion, still the other provisions of sec-

tion 32 remain and must control the rights of the parties. A decree must be entered "against the owner and contractor for so much as the work and materials shall be shown to be reasonably worth according to the original contract price, first deducting so much as shall have rightfully been paid on said original contract by the owner, and damages, if any, that may be occasioned the owner by reason of the nonfulfillment of the original contract; the balance to be divided between such claimants in proportion to their respective interests." Under this section the amount due from the owner to the contractor must first be ascertained before there can be a decree in favor of the claimants. The amount of the decree in favor of a claimant is not affected by the amount the court shall decree to be due from the owner to the contractor, unless the amount of the liens of all the claimants exceeds the amount found due from the owner to the contractor, in which case a claimant can only have a decree for his *pro rata* share of the amount so found due. In this case, the amount due from the owner to the contractor is not found or declared in the decree, nor is there any evidence upon which such a decree can be based.

The master finds "that the evidence does not show what or how much was actually done by Frink, or the value thereof * * * that it is not shown who completed the building or what the cost of completion was." Appellees contend that the provision of section 32 that " a decree shall be entered against the owner and contractor for so much as the work and materials shall be shown to be reasonably worth according to the original contract price " refers to the work and materials furnished by the claimant or claimants and not to the work and materials furnished by the contractor. This contention finds no support either in the language or obvious purpose and intent of the provision in question. The owner is entitled to the benefit of his contract with the contractor.

The aggregate of all the liens cannot, except in case of fraud or payment to the contractor in violation of the rights of a claimant, exceed the contract price fixed between the

owner and the contractor. Hence the necessity of finding first the amount due from the owner to the contractor and then the amount of the liens, not for the purpose of fixing the value of the work and materials furnished by the claimant, but for the purpose of determining whether a decree shall go for the full amount of the contract price of such work and materials or only for a *pro rata* share of such price. Neither the petition nor the intervening petition comply with the requirements of section 32, nor is the evidence sufficient to support a decree under that section.

The decree of the Circuit Court will be reversed and the cause remanded with leave to appellees, if they choose to avail of it, to amend their petitions and proceed under the thirty-second section of the Lien Act of 1895.

*Reversed and remanded.*