## Christian Sorg v. Fred Pfalzgraf.

### Gen. No. 4,309.

1. MECHANIC'S LIEN—*what will not defeat.* The owner will not be permitted to defeat a mechanic's lien merely because the claimant might, but for an error in his claim for lien, have obtained a lien upon a larger portion of the land of such owner.

Mechanic's lien proceeding. Appeal from the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the October term, 1903. Affirmed. Opinion filed April 14, 1904.

FRANK G. PLAIN, for appellant.

MURPHY & ALSCHULER, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Appellant owns a tract of ground described as lots 8, 9, and 10 in block 1 of a subdivision in Aurora. Each lot is 62.2 feet wide. Lot 8 is the most northern of the three lots, and has a house upon its northern side. Lot 10 is the most southern, and there is a house upon it. Lot 9 is between lots 8 and 10. Pursuant to an oral contract appellee built a dwelling house for appellant upon the ground between the two houses above described. Appellant paid appellee $1,500 upon the contract price and appellee filed a bill for a mechanic's lien for a balance of the contract price and for extras, and obtained a decree giving him a lien upon lot 9 for $365.80, from which the owner prosecutes this appeal.

The bill averred the house was built on lots 9 and 10 and sought a decree against them. The answer raised no question as to the location of the house or the description of the premises, though appellant was the one most likely to know where the lot lines were. At the trial it appeared that the house stands on lots 8 and 9 and not on lot 10. The house is twenty-two feet wide, and ten feet of its width are on lot 8 and twelve feet of its width on lot 9. When this fact was developed at the trial, it seems it was then too late under the lien law to obtain a lien against lot 8. The court gave a decree against lot 9 only. The certificate of evidence sets out the facts as to the descriptions and locations of the lots, and of the several houses thereon, and states that appellant and appellee are the only persons who have any interest in any of these lots; and it recites that the evidence upon the other issues was conflicting, but that evidence is not preserved. The greater part of this house rested upon lot 9. The law did not give appellee one lien upon lot 8 for the cost of that part of the house resting upon lot 8, and another lien upon lot 9 for the cost of the part resting upon that lot. Appellee was entitled to a lien upon both lots for the entire cost of the house. He had a lien upon each lot upon which the house rested for the entire amount still due him for its construction. Therefore he had a lien upon lot 9 for

the entire amount remaining unpaid. His bill located the house on lots 9 and 10, instead of lots 8 and 9, and it seems he did not discover his error in time to take the steps necessary to preserve his lien on lot 8. He did in apt time take all steps necessary to preserve his lien on lot 9. No one else has any interest in either lot. The owner cannot be permitted to defeat the lien upon his land which the law has given to the builder, simply because the latter might have obtained a lien upon more of the owner's land. Lot 9 is subject to a lien in favor of appellee for the amount the court has decreed against it. The failure to bring in lot 8 also and to subject it to a like lien for the same debt, should not defeat the lien upon the lot which he has brought in and which is legally subject to that lien, when the person who hired the contractor to build the house owns all three lots, and made no complaint that the location of the house was contrary to his wish or direction. Appellee failed to establish his allegation that the house was partly on lot 10, and thereby failed to obtain the lien upon lot 10 which he sought, but that should not defeat his lien properly sought and proved against lot 9. True, the *allegata* and the *probata* must agree, but that does not mean that every allegation of the bill must be proved. A party may be defeated upon one case stated in his bill, and yet have a decree upon another case also stated therein. The allegations of this bill relating to lot 9 agree with the proof as to that lot, and the decree is only against it. The fact that a lien is claimed upon more land than is subject thereto does not defeat the lien, if it does not injure or mislead any one, and if it is not done fraudulently. Whitenack v. Noe, 3 Stockton's Chy. 321; White Lake Lumber Co. v. Russell, 22 Neb. 126.

Doubtless there might be cases of conflicting titles or liens where a different result would follow, but as between the owner and the contractor under the facts of this case we conclude the decree was warranted.

It is therefore affirmed.

*Affirmed.*