NELS GRANQUIST, Appellee, *vs.* THE WESTERN TUBE COMPANY, Appellant.

*Opinion filed April 23, 1909—Rehearing denied June 2, 1909.*

1. MECHANICS' LIENS—*when lien may be declared against one, only, of lots occupied by building.* Where a building contract fails to describe the lots on which the building is to be erected, and a claim for lien is filed against lots 1 and 2, but it is discovered, after the time for filing claims has expired, that the building is not on lot 1 but is partly on lot 2 and partly on lot 3, it is not error to decree a lien against lot 2 alone.

2. SAME—*Mechanic's Lien act contemplates but one suit.* The Mechanic's Lien act contemplates but one suit for the purpose of establishing a lien, in which suit all persons who are known to have any interest, legal or equitable, in the land or having any claim for lien shall be joined as parties complainant or defendant, so that the court may be able to adjust all equities and claims and render a decree according to the rights of the several claimants.

3. SAME—*when want of necessary parties may be availed of on an appeal.* Where a mechanic's lien petition by a sub-contractor avers, upon information and belief, that certain other persons, not parties, have a claim for a lien, and it appears from the evidence such persons are unpaid sub-contractors, they should be made parties, or if they have a separate suit pending, the causes should be consolidated before final decree; and error in rendering final decree without such action is available on appeal or error, though the objection was not raised before the trial.

SCOTT, J., and CARTWRIGHT, C. J., dissenting.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Henry county; the Hon. EMERY C. GRAVES, Judge, presiding.

KNAPP, HAYNIE & CAMPBELL, and MARK BREEDEN, JR., for appellant.

CHARLES E. STURTZ, and WILLIAM C. EWAN, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

The Western Tube Company, having obtained a certificate of importance from the Appellate Court for the Second District, has appealed from a judgment of that court affirming a decree of the circuit court of Henry county establishing a sub-contractor's lien in favor of Nels Granquist for $760.08.

The petition of appellee, Granquist, alleged that Fred H. Matthews and Charles F. McMullen, partners doing business as the Matthews Construction Company, and the Western Tube Company, entered into a written agreement on July 28, 1905, for the erection and construction of a certain office building according to the plans and specifications annexed to such contract, and providing for the completion of said building by December 1, 1905, for the consideration of $16,400. The premises upon which the building was to be erected were not described in the contract. It is further averred in the petition that on June 29, 1905, the Matthews Construction Company entered into an agreement with appellee by which appellee was to furnish the material and labor for the brickwork on the said building for the sum of $7750; that in pursuance of his contract appellee furnished the material and labor and constructed the brickwork in accordance with his agreement and in the manner required by the plans and specifications. Appellee also furnished labor and material for extras amounting to $166.11. The building was not completed on December 1, 1905, but the petition alleges, and the evidence proves, that there was an agreement extending the time for the completion of the building to June 1, 1906. Appellee completed the brickwork May 18, 1906, and his work was accepted by appellant prior to June 1 of that year. During the progress of the work appellee was paid $6721.37, leaving a balance due him when his contract was completed of $1194.74, which

sum was by subsequent payments reduced to $760.08. The amount due is not in dispute. The construction company did not answer the petition and the decree as to it was entered by default. The Western Tube Company filed an answer to the petition, in which the material averments of the petition were denied. The cause was referred to a master in chancery. The master heard the proofs and reported that appellee was entitled to a lien for $760.08 on lots 1 and 2, in block 13, of the original town (now city) of Kewanee. Appellant filed a number of objections to the master's report, one of which was that no part of the building was on lot 1 but that it was on lots 2 and 3. This objection was sustained by the circuit court. The master thereupon amended his report by striking out lot 1 and recommending a decree for a lien on lot 2, and thereupon re-filed his report. Appellant's objections were then overruled and a decree entered establishing a lien on lot 2 in favor of appellee for $760.08 and $76 as fees for his attorney. Under the authority of *Manowski* v. *Stephan,* 233 Ill. 409, the Appellate Court reversed that portion of the decree allowing solicitor's fees and affirmed the decree in all other respects.

The first ground upon which appellant urges a reversal is that the circuit court erred in allowing a lien upon lot 2 alone, when the evidence shows that the building erected is partly upon lot 2 and partly upon lot 3. If the original contract had described lots 2 and 3 as the premises upon which the structure was to be erected, and it had been built on both of said lots, it might well be doubted whether a decree for a lien upon one of said lots alone would be sustained. The foundation of the lien is the contract with the owner of a lot or tract of land for the improvement thereof and the furnishing of the material and labor in accordance with such contract, in connection with the statute which gives the lien. The contract usually describes the location of the proposed improvement, and in such case, the contract

being entire, it would seem that the lien given by the statute would be co-extensive with the premises described in the contract. But this is not the situation here. The premises, as already pointed out, were not described in the original contract. Apparently the sub-contractor supposed the building was on lots 1 and 2, in block 13. Whether appellant knew to the contrary or not does not appear. On the hearing of the case, and after it was too late to file a lien on lot 3, the fact was discovered that no part of the building was on lot 1 but that it was partly upon lot 2, on an alley between lots 2 and 3, and partly upon lot 3. It is not controverted that appellee took the requisite statutory steps to perfect a lien upon lot 2, and it is equally clear that he did not take such steps in reference to lot 3. Under these facts the question is, did the court err in holding that appellee was entitled to a lien upon lot 2?

In 27 Cyc. 160, it is said: "The validity of the claim [for mechanic's lien] is not affected by the fact that it does not cover as much land as it might properly have covered." In support of the above proposition three cases are cited: *Culmer* v. *Clift,* 14 Utah, 266, *Pacific Rolling Mill Co.* v. *Bear Valley Irrigation Co.* 120 Cal. 94, and *McCormack* v. *Phillips,* 4 Dak. 506. In the California case above cited there is a dictum which supports the statement that is above quoted from Cyc. In a note to the California case in 65 Am. St. Rep. it is pointed out that the proposition that "a lien may be enforced against a railway bridge or depot without including any other part of the system, although the claimant might have included other property," is a question upon which there is a conflict of authority. The writer of the note concludes his discussion by expressing himself as "well satisfied with the conclusions of the court upon the questions necessarily involved in its decision, and equally well satisfied with its dicta, for we think them sound upon principle though manifestly in conflict with the prior decisions of the court."

We have been unable to find any case where this question was directly passed on by this court. The only case in this State that is cited by counsel on either side, that is directly in point, is *Sorg* v. *Pfalzgraf,* 113 Ill. App. 569. In that case the bill averred that the house was built on lots 9 and 10. On the trial it developed that the house was on lots 8 and 9, and not on lot 10. A decree was rendered establishing a lien on lot 9, and that decree was affirmed in an opinion by Mr. Justice Dibell of the second district. It was held by that court that the failure to bring in lot 8 and subject it to a lien did not defeat the lien upon lot 9, which was properly subject to the lien. The facts in that case were substantially the same as in the case at bar, and the conclusion there reached, that the omission, through mistake, to include all of the land upon which the lien might have been perfected would not defeat the lien as against the lot properly described, seems to rest upon sound reason, especially in a case like the one at bar, where the rights of no person other than the owner of the premises and the contractor are involved. The case of *Springer* v. *Kroeschell,* 161 Ill. 358, has some bearing upon the point under consideration. There a statement filed with the clerk, claiming a lien for labor and material used in "a brick building" upon "lots 10 and 11" was held sufficient against a purchaser, although the proof showed that the building covered lots 10 and 11 and the south seven and two-twelfths feet of lot 7. This description was held by this court to be sufficient under the statute.

Our conclusion is that the court did not err in holding that the lien should be established against lot 2, but we think that this rule should be limited to cases falling strictly within the facts in this record.

In the petition it was stated, upon information and belief, that James Porter and Harry W. Trask, who were doing business under the firm name of Porter & Trask in the city of Kewanee, had or claimed a lien upon the premises

for materials furnished in the construction of said office building, but it was averred that said lien, if any, "was subject to the lien of appellee." The evidence introduced on the trial showed that Porter & Trask were sub-contractors for the lumber and millwork for the consideration of $3500 and that they furnished the lumber for the woodwork on said building, and that there was a balance due them, under their contract, at the time this suit was commenced. It does not appear that appellant demurred to the petition for want of proper parties or otherwise raised the question until the final hearing in the circuit court. Appellant insisted in the Appellate Court, and insists here, that the circuit court erred in rendering a decree without Porter & Trask being before the court as parties. Appellee, while not seriously contesting the claim that Porter & Trask were proper parties, yet claims that if they were necessary parties the question of non-joinder should have been raised before the trial in the court below, or, if another suit was pending against appellant by Porter & Trask, appellant should have made a motion to consolidate the two cases. Appellee insists that appellant has waived its right to raise this question. The Appellate Court took appellee's view of this question.

In the early case of *Kimball* v. *Cook,* 1 Gilm. 423, it was held by this court that proceedings to enforce a mechanic's lien are in the nature of a proceeding in chancery and are to be governed by the rules and practice applicable in a court of chancery. In that case it was held that under a statute requiring all "parties in interest" to be made parties to the petition, all persons whose interest, either legal or equitable, direct or remote, may by any possibility be affected by the proceeding were necessary parties, as much as any chancery suit whatever. In *Williams* v. *Chapman,* 17 Ill. 423, it was held that in proceedings of this character all persons interested in the land should be made parties to the suit. Section 25 of our Mechanic's Lien statute provides that "the complainant or petitioner shall make all

*parties interested,* of whose interest he is notified or has knowledge, parties defendant;" and further, said section provides that "parties in interest," within the meaning of this act, shall include persons entitled to liens thereunder whose claims are not, as well as are, due at the time of the commencement of the suit, and such claims shall be allowed subject to a reduction of interest from the date of judgment to the time the claim is due; also "all persons who may have any legal or equitable claim to the whole or any part of the premises upon which a lien may be attempted to be enforced under the provisions thereof, or who are interested in the subject matter of the suit."

When the above language of section 25 is considered in connection with other provisions of the act giving the court general power to adjust all conflicting claims to the property and adjusting the equities between the several persons holding or claiming liens thereon, we are forced to the conclusion that the legislature never contemplated there should be a separate suit by each contractor or sub-contractor for the purpose of having a lien established in his favor, but that the statute contemplates but one suit, and that all persons who are known to have any interest, either legal or equitable, in the land, or any claim for a lien against it, should be joined, either as complainants or defendants, in such suit, so that the court will be able to adjust all equities and render a decree in relation to the distribution of the proceeds, in case a sale is had, according to the rights of the several claimants. If appellee's position is sustained it is easy to see how the owner may be harassed with numerous suits for liens, thereby unnecessarily increasing the costs and expenses to the owner and imposing a large amount of unnecessary litigation upon the courts. The case at bar illustrates the practice that would prevail if appellee's contention were sustained. Here appellee filed his bill and Porter & Trask filed another. There were two hearings in the circuit court, two decrees entered on the same day, two appeals

to the Appellate Court, and both cases have been appealed to this court. If two claimants for liens can thus carry on separate suits, any number who happen to be sub-contractors might do the same thing. The statute in relation to liens, under which these petitions are filed, gives no sanction to such practice.

But it is said by appellee that it is too late to raise this question. With this we are unable to agree. In *Hopkins* v. *Roseclare Lead Co.* 72 Ill. 373, on page 378, this court said: "It is the duty of the complainant to see and know that he has before the court all necessary parties or his decree will not be binding. It is the policy of the law to prevent a multiplicity of suits, and where the rights of all persons may be settled in one proceeding the parties should not be harassed by other proceedings." The decree in that case was reversed and the cause remanded, with leave to amend the bill. In *Prentice* v. *Kimball*, 19 Ill. 320, it was held that where parties who are merely formal or were not interested in the merits of the decision are omitted it will be too late to take advantage of it on the hearing, but if they are directly interested in the decree, advantage of the omission may be taken at the hearing or on appeal or on error. The court will of its own motion take notice of the omission of a necessary party and rule accordingly. In the late case of *Larson* v. *Glos*, 235 Ill. 584, it was held that where the rights of parties not before the court are so intimately connected with the subject matter of the controversy that a final decree cannot be made without materially affecting their rights and interests, the objection that there is a lack of proper parties may be made on the hearing or in a court of review on appeal or error.

*Mehrle* v. *Dunne*, 75 Ill. 239, is a case much like the one at bar in principle. In that case a sub-contractor filed a petition against the owner and the original contractors for a mechanic's lien. It appeared that there were other persons entitled to share with the petitioner in the amount that

might be found due the original contractors but were not made parties defendant. This court held that "any person seeking to enforce a lien in his favor is required to make all persons who have done work or furnished materials for such building, defendants, and the amount found due shall be divided between the several claimants in proportion to their respective interests, to be ascertained by the court. This appellees have not done, and the decree for this reason is erroneous." The decree was reversed and the cause remanded, with leave to appellees to amend their petition and proceed as provided by the statute. (See Farson on Mechanic's Lien Law, sec. 88.)

There are some other grounds urged by appellant for a reversal, which have been examined by us. No reason other than that already discussed appears which will justify a reversal of this decree. But for the error committed by the circuit court in entering a final decree without having all necessary parties before the court, and for the error of the Appellate Court in affirming this decree, the judgment of the Appellate Court and the decree of the circuit court are reversed and the cause remanded to the circuit court of Henry county for further proceedings in accordance with the views herein expressed.    *Reversed and remanded.*

SCOTT, J., and CARTWRIGHT, C. J., dissenting:

In this case it is held that the appellee is entitled to a lien, as decreed by the circuit court. The decree of the circuit court and the judgment of the Appellate Court are reversed solely because Porter & Trask, a firm having a lien upon the same property, were not made parties to the suit. Porter & Trask are the appellees in the case of *Porter* v. *Western Tube Co.* (*post*, p. 151.) They were decreed a lien against the property by the circuit court of Henry county, and the opinion of this court holds that they were entitled to the lien but reverses the decree of the circuit court and the judgment of the Appellate Court for the rea-

son that Granquist, appellee in this case, was not made a party to the proceeding instituted by Porter & Trask. The question of non-joinder was first raised in each case in the Appellate Court. The rule in chancery is, that an objection on the ground of non-joinder, when first taken in an appellate tribunal, is not favorably received, and that to be of avail in such an instance it must appear that the failure to make the omitted person a party will result in depriving that person of some material right. *Washburn & Moen Manf. Co.* v. *Wire Fence Co.* 109 Ill. 71; *Pease* v. *Chicago Crayon Co.* 235 id. 391; *Abernathie* v. *Rich,* 229 id. 412; *State Nat. Bank* v. *United States Life Ins. Co.* 238 id. 148.

This rule is recognized in the case of *Larson* v. *Glos,* 235 Ill. 584, cited in the majority opinion, but the majority, instead of applying the rule, holds that the cause should be reversed because the non-joinder is prejudicial to the appellant, who was defendant in the circuit court. The appellant might have obviated any injustice that would be visited upon it by the non-joinder, by raising the question in the circuit court. That, it failed to do. It is in precisely the same situation, so far as its right to urge the error is concerned, as was the appellant in *State Nat. Bank* v. *United States Life Ins. Co. supra,* and we there said in reference to the matter of non-joinder: "As appellant did not raise the question in the circuit court we will not consider whether any necessity existed for making the Brinkerhoffs parties for the purpose, alone, of protecting appellant's rights,"—the Brinkerhoffs being the persons whose non-joinder gave rise to the complaint in that case.

In *Mehrle* v. *Dunne,* 75 Ill. 239, relied upon by the majority, it does not appear that the question of lack of parties was first raised in the appellate tribunal. The fact that the statute requires that Porter & Trask be made parties is now without significance. The case is just as one where the general principles of equity require the joinder of the omitted party.

According to the majority opinion in this case and in the *Porter case,* the lien claimed in each case must be made effective by the circuit court upon the cases being re-docketed there and upon all the appellees becoming parties to the same proceeding. It is clear that the failure to join Porter & Trask in this case could not result, and has not resulted, in depriving them of any material right. They could still enforce their right notwithstanding the fact that they had not been made parties to this suit. They would be in nowise affected by the decree. The lien of Porter & Trask and that of appellee herein are equal in rank. Both decrees of the circuit court were entered on the same day. Those decrees, like the liens, are of equal rank, and the rights of all the lien claimants could be enforced under those decrees substantially as they would have been enforced had all such rights been established in the same suit and by the same decree.

Reversal here cannot rightfully be had except for the purpose of protecting the rights of the omitted parties. It is manifest that the omitted parties, being satisfied with their own decree, do not desire a reversal. The only effect of the reversals in the two cases is to make appellees pay the costs in this court and in the Appellate Court, and to place the appellant in a position where it should be required to pay the additional costs made by further proceedings in the circuit court. The anomalous situation is presented of adjudging a reversal on account of an error when the parties against whom the error was made do not desire a reversal and when no right of those parties can possibly be advanced by such a judgment. We respectfully submit that under such circumstances the reversal is akin to the act of a father who compels his son to take a bath which the boy does not want and does not need.