Donkle and Webber Lumber Co. et al., Appellees, v.
Mary Cecilia Rehrmann et al., Appellants.

Gen. No. 9,271.

Opinion filed April 14, 1941.

J. Oscar Hall, of Bloomington, for appellants.

Dean C. Montgomery, of Atlanta, and William S. Ellis, of Lincoln, for appellees.

Mr. Presiding Justice Fulton delivered the opinion of the court.

The plaintiffs appellees, Donkle & Webber Lumber Co., a corporation, and Lee Irvin, filed a complaint in the circuit court of Logan county to foreclose two mechanic's liens against certain real estate owned by Joseph Rehrmann during his lifetime, and Mary Cecilia Rehrmann. There are two tracts of land involved both legally described by long metes and bounds descriptions. For convenience they will be designated as the "Rehrmann" tract and the "Turner" tract.

Catharine Rehrmann, mother of Mary Cecilia and Joseph, was the owner of a piece of land lying southeast of and adjoining the Turner tract. By her will, probated in April 1930, she devised an undivided one-half interest in this tract to Mary Cecilia Rehrmann in fee, and a life estate in the other undivided one-half to Joseph Rehrmann, with the remainder in fee to Mary. This is the piece referred to as the "Rehrmann Tract." Subsequently, Joseph Rehrmann purchased a strip of ground approximately 40 feet in width south of the railroad right of way of the Alton Railroad Company, and this is the piece referred to as the "Turner Tract." Later Joseph Rehrmann deeded a strip of land adjoining the railroad right of way to the State of Illinois, and there is now constructed on said strip a paved cement highway known as U. S. Route 66.

In 1934, Joseph Rehrmann, who was also frequently known as Joseph Rayman, and the two names are used interchangeably in this opinion, and in the briefs of counsel, together with his wife, Verna, decided to build a combination gasoline station and tavern building adjacent to U. S. Route 66, just north of the city of Atlanta, in Logan county.

The Turner land which he owned was entirely vacant and he entered into an oral agreement with the appellee, Donkle and Webber Lumber Company, whereby it was to furnish the necessary materials and supplies

for the erection of the proposed building. Rehrmann also entered into an oral agreement with the appellee, Lee Irvin, whereby the latter was to furnish plumbing supplies and perform the work of installing the plumbing in the proposed building. The last of the building supplies and materials were furnished to the premises by the Donkle and Webber Lumber Company on June 4, 1934, and the last plumbing supplies and labor was furnished by Irvin on November 6, 1934. Claim for mechanic's lien was filed by the Donkle and Webber Company on July 26, 1934, and by Irvin on March 5, 1935.

On June 3, 1936, the appellees filed this suit and in both the claims filed and in the complaint described the premises against which a lien was sought about as follows: "An eight (8) acre tract of land lying South of the Railroad right of way of the Alton Railroad Company in the West half of the Southwest quarter of the Southwest quarter of Section 16, in Township 21 North, Range 1, West of the 3rd P. M. in Logan County, Illinois."

On November 10, 1936, appellees amended the complaint by substituting the legal description by metes and bounds of the Turner tract. On April 7, 1937, appellees moved for leave to amend complaint which motion was allowed but no amendment was filed. On August 10, 1937, the appellees filed a written motion asking leave to amend their complaint by striking out former descriptions and substituting the following: "On the second day of April, 1934, Joe Rayman was the owner in fee simple of the following described real estate." Then followed the legal description of the Turner tract, and also, "and on the second day of April, 1934, Joe Rayman was a life tenant of an undivided one-half and in possession and control of the following." Then followed the legal description of the Rehrmann tract. The motion was allowed by the court but the amendment other than the motion was not filed.

The complaint was in the usual form of a petition for mechanic's lien setting up the making of the oral contracts, the furnishing of the materials and labor, the amounts unpaid, the filing of the claims and in addition alleging the fact that Joseph Rehrmann and his wife Verna both became deceased on April 2, 1935. Also that Mary Cecilia Rehrmann was administratrix of the Joseph Rehrmann estate.

An answer was filed by Mary Cecilia Rehrmann, individually, and as administratrix of her brother's estate. Outside of some general denials, the answer set forth that the appellee Lumber Company agreed to forbear collection by foreclosure in consideration of a promise by Mary Cecilia Rehrmann to pay the claims of appellees, either in whole or in part, dependent upon the solvency of the estates of Joseph and Verna Rehrmann. Also that the appellee Lumber Company accepted the note of Joseph and Verna Rehrmann in payment of its claim and denies that appellees are entitled to any relief.

By reply to this answer, appellees admit an oral promise on the part of Mary Cecilia Rehrmann to pay their claims but deny the promise was contingent on the solvency of said estates, or that they agreed to forbear foreclosure proceedings. The reply admitted receiving the note of Joseph and Verna Rehrmann but denied that it was accepted in payment of its claim.

The cause was referred to a special master in chancery who heard the proofs and made report to the court recommending that a decree be entered awarding a lien and right of foreclosure to appellees upon the Turner tract deeded to Joseph Rehrmann and upon the building but denying any relief as against the Rehrmann tract. On the hearing of exceptions to said report, the court overruled and sustained certain exceptions and entered a decree finding the appellees entitled to a lien on both tracts of land and provided relief by way of foreclosure. Appellants have assigned

many errors in prosecuting an appeal to reverse said decree.

The facts, other than those recited above, show that the delivery of materials and the performance of the labor by appellees was stipulated and agreed upon. The amount of the balances severally due appellees was not contested. The enhancement in the value of the real estate due to the erection of the tavern-filling station building was not disputed. Presumably by mistake, although how the mistake occurred is not definitely determined, the building was constructed partly upon the Turner tract and partly on the Rehrmann piece. There was a dwelling house, dairy barn and other improvements on the Rehrmann tract and Joseph and Verna Rehrmann lived there. Mary Cecilia Rehrmann permitted them to use that land for paying the taxes.

The appellants insist that in any event it was error to decree a lien against the Rehrmann tract owned by Mary Cecilia Rehrmann. Section one of the Mechanics' Lien Act, provides that the lien shall extend to such interest as the owner may have in the tract of land at the time the contract is made. In this case it is conceded that Joseph Rehrmann had only a life estate in one-half of the Rehrmann property, which interest expired with his decease, and that he occupied the premises as a tenant. In *Williams v. Vanderbilt,* 145 Ill. 238, the court said, "A tenant for life or years cannot, by contract, create a lien upon the fee." Under these circumstances in order for the lien to attach to the Rehrmann tract it would be necessary to show that Mary Cecilia Rehrmann knowingly permitted the improvement to be made upon her land.

As we view the testimony, it does not show that the said appellant either authorized or knowingly permitted the erection of the building upon her premises. The proof of that fact must depend upon the evidence of Mary Cecilia Rehrmann. She testified that she

loaned her brother $200, to start his building project; that she was in Atlanta on either Decoration Day or the Fourth of July in the year 1934; that she knew nothing about the building being erected on her land until the summer of 1935; and that she never granted any permission to her brother to build on her property. We do not believe it is permissible to guess or infer that she knew of such fact without some competent proof to support such conclusion.

The cases relied upon by appellees in support of the character of testimony necessary to show knowledge and consent by the owner present a far different situation than the one in the present case. In *Wertz v. Mulloy*, 144 Ill. App. 329, the proof showed that the owner of the interest against which a lien was sought, not only participated in the preparation of the written contract for the construction of the building, but at times took practical charge of directing the work; that she caused many radical changes to be made from the plans and specifications and was present a good deal of the time while the work was in progress. In *Friebele v. Schwartz*, 164 Ill. App. 504, it was disclosed by the testimony that the tenant told his landlord that he was going to have the building painted and the owner told him to go ahead; that the owner was about the building while the work was being done and directed the painters in how they should do their work. In the other cases cited, there was shown equal knowledge and interest on the part of the owner in the improvements being made. It is our opinion that the lien in this case should not extend to the Rehrmann tract.

The appellants further contend that no lien should be allowed against the Turner tract because the building in controversy stands only partially on that land, and that where a building is erected by mistake upon the land of another, the persons furnishing labor or material have a lien upon the building alone and not upon the land on which it stands and the building may

be sold separately with the right of the purchaser to remove such building from the premises. As authority for the foregoing statement appellants cite section 2 of chapter 82, Ill. Rev. Stat., State Bar Ed. [Jones Ill. Stats. Ann. 74.02]. It is our belief that the section of the statutes referred to has reference to a situation where the building is erected wholly on the wrong tract through mistake, and does not entirely apply to the present case. In the case of *Springer v. Kroeschell,* 161 Ill. 358, a statement was filed with the clerk claiming a lien for labor and material used in a brick building upon "Lots 10 and 11," and although the proof showed that the building covered lots 10 and 11, and the south seven and two-twelfths feet of lot 7, the description was held sufficient to sustain a lien on the said lots 10 and 11. In the case of *Sorg v. Pfalzgraf,* 113 Ill. App. 569, the bill alleged that the house was built on lots 9 and 10. On the trial it developed that the house was built on lots 8 and 9, and not on lot 10. A decree was rendered establishing a lien on lot 9. It was held by that court that the failure to bring in lot 8 and subject it to a lien did not defeat the lien upon lot 9, which was properly subject to the lien. See also *Granquist v. Western Tube Co.,* 240 Ill. 132.

It is next asserted by the appellants that the appellee Lumber Company accepted the note of Joseph and Verna Rehrmann for the full amount of their claim, and because of their failure to produce the note in court, there was a failure to establish the indebtedness. The record shows that the manager of the Lumber Company testified, without any objection being interposed, as to the full amount of indebtedness due upon their claim, and also that they took a note for same which was on file in their office.

In section one of the Mechanics' Lien Act, it is provided that the taking of additional security by a contractor shall not be a waiver of any right of lien which he may have, and the proof of indebtedness without

objection waived the necessity of producing the note at the hearing.

Appellants complain further that the claim for lien upon which the Lumber Company relies is defective and in fact is a claim for lien by D. J. Webber personally and not by the appellee Company. The admissions of appellant in her answer recognizing the fact that appellee had filed its claim and discussing the amount due thereon acknowledged the claim to have been filed in behalf of the Lumber Company and waived any technical question on the sufficiency of its execution.

Finally the appellants contend that the descriptions in the original complaint and in the notices of lien filed by the appellees are inaccurate and insufficient to create a lien on either of the tracts involved in this suit. It appears that a small portion of the Turner tract was located on section 17, whereas the notice of lien and the original complaint described the property as being in section 16. The larger portion of the tract was in fact located on section 16. However, the designation of the eight-acre tract lying south of the railroad right of way of the Alton Railroad Company owned by Joe Rayman was information coupled with the inaccurate description by which any person familiar with the neighborhood could identify the land intended to be described. In the case of *Springer v. Kroeschell*, 161 Ill. 358, it was stated that "A description is sufficient if there is enough in it to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty." In our judgment the descriptions complained of fulfilled such requirements.

Much has been said by appellants as to lack of power in the court to grant any relief to appellees except that which is specifically prayed for in their complaint. In their amended complaint they ask for a lien against both tracts of land and it is the finding of the court

that such relief is denied as to the Rehrmann tract. That finding does not bar the court from adjusting the equities and granting any lesser relief it feels the appellees are entitled to under the facts shown in this record. In the case of *Granquist v. Western Tube Co.*, 240 Ill. 132, at page 138, the court said: "the statute contemplates but one suit, and that all persons who are known to have any interest, either legal or equitable, in the land, or any claim for a lien against it, should be joined, either as complainants or defendants, in such suit, so that the court will be able to adjust all equities and render a decree in relation to the distribution of the proceeds, in case a sale is had, according to the rights of the several claimants." In Love on Illinois Mechanics' Liens in par. 96 on page 241, it is stated, "In other words, if the bill of complaint alleges certain facts and then sets forth a conclusion of law which, on the trial of the cause, is found to be an erroneous conclusion, then the court will disregard the allegations of the bill of complaint as surplusage and will enter the decree supported by the facts and the law."

A bill of complaint where the complainant was alleged to be a subcontractor will sustain a decree in favor of the complainant as an original contractor, where the facts and law warrant such a decree. *City of Salem v. Lane & Bodley Co.*, 189 Ill. 593, at pages 601 and 602. It is further stated in that case, "A pleader is not concluded by the averment of a legal inference, if such inference is repugnant to the true legal conclusion to be drawn from the state of facts alleged in the same pleadings."

It is our opinion that the decree of the circuit court should have denied a lien as against the land known as the "Rehrmann Tract"; that the appellees should have been awarded a lien against the land designated as the "Turner Tract," and against the oil station-tavern building constructed through error partially on

both of said tracts for the amounts found due in the original decree to the respective appellees entitled thereto. That such decree should have provided 30 days to be given the appellants for the payment of the lien claims of said appellees; that in default of such payment, the special master in chancery be authorized to sell said Turner tract and said oil station-tavern building at foreclosure sale to satisfy said liens. Also that the purchaser be allowed a period of 60 days from the date the period of redemption expires from such sale in which to remove said building from the Rehrmann tract. We believe that in all other respects the decree of the circuit court of Logan county should be affirmed.

The judgment of this court, therefore, is that the decree of the circuit court of said county be affirmed in part and reversed in part and that the cause be remanded to said court for the purpose of entering a modified decree of foreclosure in accordance with the views expressed in this opinion.

*Affirmed in part and reversed in part and remanded with directions.*