CONDEE, INC., Plaintiff-Appellee, *v.* ALLEN BAIRD CHRISMAN, Defendant-Appellant.

Fourth District   No. 12787

Opinion filed June 3, 1976.

GREEN, J., specially concurring.

Rammelkamp, Bradney, Hall & Dahman, of Jacksonville (James R. Reilly, Jr., of counsel), for appellant.

Robert E. Utter, of Mt. Sterling, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant-appellant Allen Baird Chrisman leased a tract of land to Meredosia Harbor and Fleeting, Inc. The relevant part of the legal description of that land read as follows: "A certain strip of land lying between the borrow pit of the McGee Creek Levee and Drainage District and the Illinois River." The borrow pit had long since been filled in and is no longer a visible landmark.

Meredosia then commenced construction of a building despite the ambiguity of the legal description of the land. Under a contract made on

or about June 30, 1970, plaintiff, Condee, Inc., installed electrical equipment, valued at $3,782.01, in the building. Meredosia was subsequently declared bankrupt and failed to pay Condee. Condee then brought this mechanics' lien foreclosure suit against Allen Baird Chrisman, the lessor. Chrisman defended that no part of the building was on its property. Having heard arguments concerning the location of the building and the ambiguous legal description of the land, the trial court determined that defendant Chrisman bore the burden of proving that the building was not on his land. It then found Chrisman had not met that burden, and it entered a decree ordering Chrisman to pay Condee $3,782.01 within 30 days or else the sheriff was to sell the premises. On appeal, Chrisman argues the burden of proof as to the location of the building was on the plaintiff, Condee. We agree.

■■ Condee proceeded under the Mechanics' Lien Act (Ill. Rev. Stat., ch. 82). The Act must be strictly construed. (*Rochelle Bldg. Co. v. Oak Park Trust & Savings Bank*, 121 Ill. App. 2d 274, 257 N.E.2d 542.) Under the Act the claimant of a mechanics' lien has the burden of proving every element necessary to establish that lien. *Niles Construction Co. v. La Salle National Bank*, 119 Ill. App. 2d 1, 254 N.E.2d 535; *Hacken v. Isenberg*, 288 Ill. 589, 124 N.E. 306.

Condee argues that it met this burden when it made the unrebutted allegation that the improvement was constructed with the lessor's knowledge. It introduced no evidence to prove ownership of the land. However, the burden of persuasion as well as that of production as to land ownership rests on plaintiff under the Mechanics' Lien Act. (*Hacken v. Isenberg*, 288 Ill. 589, 124 N.E. 306.) Condee clearly failed to meet that burden.

■■■ Condee also argues that should the building be found to be only partially on defendant's property, Chrisman should nonetheless pay the full amount. Chrisman argues the lien should be apportioned. Again we agree with defendant. The only case cited by Condee, *Donkle & Webber Lumber Co. v. Rehrmann*, 310 Ill. App. 17, 33 N.E.2d 709, is inapposite because it does not address the apportionment issue. Unless it is impracticable to do so, a lien arising from improvements to a building resting on several tracts of land should be apportioned among the owners of those tracts. (*Rubendall v. Tarbox*, 200 Ill. App. 260.) Any other determination would have the anomolous result of forcing one not even a party to the construction contract to satisfy a lien when he has no interest in some of the property upon which the lien is imposed.

Reversed and remanded.

TRAPP, P. J., concurs.

Mr. JUSTICE GREEN, specially concurring:

I agree with the majority that the judgment should be reversed and the case remanded.

I disagree that in the event that the building should be found to be partially on defendant's property on rehearing, the lien should be apportioned. I see no indication in the record that it would be practical to do so here.