JENNIE LOUISE LARSON, Defendant in Error, *vs.* JACOB
GLOS *et al.* Plaintiffs in Error.

*Opinion filed October 26, 1908.*

1. EVIDENCE—*uncontradicted testimony of unimpeached witness
cannot be rejected.* Testimony of an unimpeached witness which
is not in itself inherently improbable or false, and which is not
contradicted either by the positive testimony or circumstances, in-
trinsic or extrinsic, cannot be rejected even by a jury.

2. MASTERS IN CHANCERY—*a master's findings are only prima
facie correct.* Findings of a master in chancery upon questions of
fact are only *prima facie* correct, and do not have the same force
as a verdict of a jury in a case where the parties have the right
to have the issues of fact submitted to a jury.

3. CLOUD ON TITLE—*effect where defendant is not the owner of
the tax certificate sought to be canceled.* If the defendant is not
the owner of the certificate of purchase sought to be canceled as
a cloud upon the complainant's title he may disclaim, and his dis-
claimer will affect the question of costs; but if he does not dis-
claim and the evidence shows that another person who is not a
party to the suit is the owner, the court should require such person
to be brought into court before proceeding to a final decree.

4. PARTIES—*lack of necessary parties may be taken advantage
of on appeal or error.* Where the rights of persons not before the
court are so intimately connected with the subject matter of the
controversy that a final decree cannot be made without materially
affecting their rights and interests, the objection that there is a
lack of proper parties may be made at the hearing or in a court of
review on appeal or error.

5. TAX TITLES—*endorsement and delivery of certificate of pur-
chase amount to an assignment.* Under section 207 of the Reve-
nue act the holder's endorsement of his name on the back of a
certificate of purchase, coupled with delivery, is operative to effect
a transfer of all right and title of such holder, and the endorsement
authorizes the transferee to write above it a formal assignment.

WRIT OF ERROR to the Branch Appellate Court for the
First District;—heard in that court on appeal from the
Superior Court of Cook county; the Hon. WILLARD M.
McEWEN, Judge, presiding.

JOHN R. O'CONNOR, for plaintiff in error Jacob Glos.

DAVID G. ROBERTSON, for defendant in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Jennie Louise Larson, defendant in error, filed her bill in the superior court of Cook county against Jacob Glos and the county clerk of said county, plaintiffs in error, praying that a certificate of a sale for taxes of lot 14, in block 9, in the original subdivision of Irving Park, in said county, issued to said Jacob Glos, should be canceled as a cloud upon her title to said lot; that Glos be restrained from applying to the county clerk for a tax deed and that the county clerk be enjoined from issuing a deed on said certificate. Glos answered, denying every material allegation of the bill, alleging ownership of the lot in himself, and praying that if his title should be found invalid he should be reimbursed therefor. A replication being filed, the issues were referred to a master in chancery, and on the hearing before the master the complainant offered evidence tending to prove that she was the owner and in possession of the lot and that no notice when the period of redemption would expire had been served, as required by law. August A. Timke appeared before the master as a witness for the defendant Glos and produced the tax sale certificate, endorsed in blank "Jacob Glos," and testified that he was the owner of the certificate; that he purchased it and other certificates from Glos about December 1, 1905,— nearly two months before the bill was filed,—and paid for it and the other certificates; that he had worked for Glos, off and on, for about fourteen years, but not all the time; that during that time he had also been engaged in buying at tax sales for himself and Glos and other clients; that the certificate was delivered to him at the time he purchased

it and that he had had possession of it from that time, and had kept it either in his box at home, or in his pocket, or in his private box in the vault in the office of Glos. The master found and reported to the court that Glos was at the time of filing the bill, and then was, the owner and holder of the certificate of sale, and he recommended a decree canceling the certificate upon payment of the amount of the sale, with subsequent taxes and interest, and enjoining the issuing of a tax deed. The chancellor heard the cause on exceptions to the report, overruled the exceptions and entered a decree finding the certificate a cloud upon the title of complainant and finding that Glos was the owner and holder of the certificate. A perpetual injunction was awarded as prayed for, the certificate was canceled, and it was decreed that Glos should pay the fees of the master, amounting to $41.55, which had accrued after a tender of $14, made in open court, to reimburse Glos for the amount of the sale and subsequent taxes and interest. The Branch Appellate Court for the First District affirmed the decree.

Counsel for the defendant in error recognizes the established rule stated in *Hopkins* v. *Roseclare Lead Co.* 72 Ill. 373, and other cases, that a court of equity can make no decree which so involves the interest of a person not a party to the suit that complete justice between the parties cannot be done without affecting his rights, and that where the execution of a decree would materially affect the rights of such a party the decree must be reversed, but he is of the opinion that the decree in this case may be sustained upon two grounds: First, that the master disregarded the testimony of August A. Timke as unworthy of belief, and was justified in doing so; and second, because the endorsement and delivery of the certificate by Glos did not operate as an assignment of the same to Timke.

To sustain the first proposition counsel cites some early decisions of an Appellate Court, to the effect that the finding of a master on a question of fact is entitled to the same

consideration and weight as the verdict of a jury in a common law action, and that every presumption which exists in favor of a verdict of a jury is to be indulged in favor of such a report. Even if that were the rule, there is nothing in this record which would justify a jury in discrediting and rejecting the testimony of Timke. It is true that a court or jury is not bound to believe a witness when, from all the other evidence or from the inherent improbability or contradictions in the testimony, the court or jury is satisfied of its falsity; (*Podolski* v. *Stone,* 186 Ill. 540;) but a jury cannot willfully or from mere caprice disregard the testimony of an unimpeached witness. (*Chicago and Alton Railroad Co.* v. *Gretzner,* 46 Ill. 75.) Where the testimony of a witness is uncontradicted, either by positive testimony or by circumstances, either intrinsic or extrinsic, and the witness is not impeached, the testimony cannot be rejected even by a jury. The witness in this case was not contradicted or impeached, and the facts testified to were not improbable in themselves or in connection with any circumstances in the case. The rule stated by counsel as to the weight to be given to the finding of a master, however, is not correct, although it is conceded to be so by counsel for plaintiff in error Glos, who admits that the report of a master upon the facts is as conclusive as the verdict of a jury. Perhaps counsel for both parties were misled by the decisions above referred to and overlooked the law as determined by this court. Even the verdict of a jury in a chancery case, where the issue is not required by the constitution or a statute to be submitted to a jury, is advisory, only, although the chancellor supervises the trial and the verdict is based only upon legal and competent evidence admitted by him and is found under instructions from him. The purpose of such a verdict is to inform the conscience of the chancellor, who is the sole judge of the evidence and is in no manner bound by the verdict, but may either accept or reject it, as he believes justice requires. (*Bigger-*

*staff* v. *Biggerstaff,* 180 Ill. 407.) A master has some advantage in being able to see and hear the witnesses, where he, in fact, does so; but he may have considered incompetent evidence or failed to consider competent evidence, and, in any event, his findings are only *prima facie* correct. It is only where the court has heard the evidence and decided the case that we have refused to disturb the finding unless it was clearly and manifestly against the weight of the evidence. This court has never adopted the rule that a master's report is to be given the same effect as the verdict of a jury in a case where the parties have a right to have issues of fact determined by jury. *Fairbury Agricultural Board* v. *Holly,* 169 Ill. 9; *Ennesser* v. *Hudek,* id. 494.

Counsel for defendant in error says that if Glos did not own the certificate he ought to have disclaimed. He might have done so, and the question of costs would have been affected by such disclaimer; but when it appeared, from the evidence, that a necessary party had been omitted, it was the duty of the court to require the complainant to bring that party in before proceeding to a final decree. Where the rights of parties not before the court are so intimately connected with the subject matter of the controversy that a final decree cannot be made without materially affecting their rights and interests, the objection that there is a lack of proper parties may be taken at a hearing or in a court of review on appeal or error. *Knopf* v. *Chicago Real Estate Board,* 173 Ill. 196.

The second ground upon which it is said the decree may be affirmed is, that the endorsement and delivery of the certificate, and payment therefor, did not amount to an assignment to Timke. In the absence of a statute a mere endorsement upon an instrument not negotiable is not sufficient to operate as an assignment of the instrument; (*Chicago Trust and Savings Bank* v. *Title and Trust Co.* 190 Ill. 404;) but section 207 of the Revenue act (Hurd's Stat. 1905, p. 1677,) provides that the certificate of purchase

shall be assignable by endorsement, and that an assignment thereof shall vest in the assignee or his legal representatives all the right and title of the original purchaser. An endorsement consists in writing the name of the holder on the back of the certificate, and such an endorsement, completed by delivery, is, under the statute, operative to effect a transfer of all the right and title of the original purchaser. The endorsement by Glos authorized Timke to write above it a formal assignment, if that had been necessary. (*Illinois Conference* v. *Plagge,* 177 Ill. 431.) The evidence showed that the real owner of the certificate was not a party to the suit, and it follows that the decree of the superior court, and the judgment of the Appellate Court affirming the same, must be reversed.

The judgment of the Appellate Court and the decree of the superior court are reversed and the cause is remanded to the superior court.       *Reversed and remanded.*