## John F. Devine, Administrator, Appellee, v. Modern Woodmen of America, Appellant.

### Gen. No. 17,070.

1. BENEFIT CERTIFICATE—*when no recovery thereon.* Where an intoxicated person is shot in a drunken brawl there can be no recovery on a benefit certificate which provided that if death resulted directly or indirectly from intemperance the certificate should become void.

2. AFFIRMATIVE DEFENSE—*when verdict should be directed thereon.* Where evidence supporting an affirmative defense is unimpeached and uncontradicted, motion to direct verdict for defendant should be granted.

Appeal from the Circuit Court of Cook county; the Hon. A. H. FROST, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed. Opinion filed July 9, 1912.

TRUMAN PLANTZ, GEORGE G. PERRIN and A. W. FULTON, for appellant.

S. S. JONAS, for appellee; L. C. COOPER, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

This action was brought to recover of appellant the amount of a benefit certificate issued by it to one Rudolph Cerny.

Two of the pleas set up a violation of a by-law of appellant, to the effect that if the death of any member of the society should result directly or indirectly from the intemperate use of intoxicating liquors, then the benefit certificate held by him should become and be absolutely null and void.

Said Cerny was shot and killed by one Cermak during a quarrel between them. That it was his second quarrel that afternoon, that on both occasions he was intoxicated and the aggressor, and that just prior to the fatal shot he had grabbed Cermak by the throat

and was shot while following the latter into his own house, were uncontradicted facts testified to by both Cermak and his wife, the only witnesses of the occurrence and the incidental matters preceding it, called to testify. In rebuttal several witnesses, who had not seen said Cerny for eleven weeks before his death, testified that while they had frequently seen him drink beer, they never saw him intoxicated.

Such negative testimony had no tendency to contradict the testimony as to Cerny's conduct and condition at the time of his death and the occurrences connected therewith.

In the absence of any testimony tending to impeach appellant's witnesses or to contradict their positive evidence in support of such affirmative defense, we think the motion, made at the close of the evidence, to direct a verdict for appellant, should have been granted. Balsewicz v. C. B. & Q. R. R. Co., 240 Ill. 238.

Even had the case been properly submitted to the jury on the theory that they were the judges of the credibility of appellant's witnesses, yet there was nothing in the record to justify the jury in rejecting their testimony. As stated in Larson v. Glos, 235 Ill. 584, "where the testimony of a witness is uncontradicted, either by positive testimony or by circumstances, either intrinsic or extrinsic, and the witness is not impeached, the testimony cannot be rejected even by a jury."

There can be no recovery upon the evidence in this record, and therefore the judgment is reversed.

*Reversed.*