(No. 24622.—

THE PUBLIC SERVICE COMPANY OF NORTHERN ILLINOIS,
Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION
*et al.*—(LILLIE BECKMAN, Defendant in Error.)

*Opinion filed December 15, 1938—Rehearing denied Feb. 8, 1939.*

GARDNER, FOOTE, MORROW & MERRICK, and K. J.
OWENS, (ROBERT L. ELLIOTT, JR., of counsel), for plaintiff
in error.

IRVING M. GREENFIELD, for defendant in error.

Mr. JUSTICE FARTHING delivered the opinion of the
court:

An arbitrator, the Industrial Commission and the su-
perior court of Cook county found that Nels Beckman's
death on December 20, 1935, arose out of and in the course
of his employment. The Public Service Company of North-
ern Illinois, his employer, has been granted a writ of error
to review the award in favor of Beckman's widow.

Beckman was employed by the plaintiff in error about
twenty-five years. At the time he died he was a foreman
in its gas-generating and pumping department. He worked
in Blue Island, where he lived, until he was transferred to
the company's new plant at Niles Center. He continued to

live in Blue Island, but was allowed sixty-seven cents per day to cover the cost of his transportation. The same arrangement was made with another employee, Habenicht, who took turns with Beckman in furnishing an automobile to drive to work. Habenicht was driving and the two were on their way home from work when Beckman was killed in an automobile collision. Beckman had no duties, except those he performed at the plant in Niles Center.

Plaintiff in error contends that Beckman was through work and that his death did not occur in or arise out of his employment. In *Fairbank Co.* v. *Industrial Com.* 285 Ill. 11, 13, we said: "When work for the day has ended and the employee has left the premises of his employer to go to his home the liability of the employer ceases, unless after leaving the plant of the employer the employee is incidentally performing some act for the employer under his contract of employment."

The defendant in error relies on our holding in *Irwin-Neisler & Co.* v. *Industrial Com.* 346 Ill. 89, and cases therein cited. The facts of that case bring it within the latter part of the rule quoted from the *Fairbank Co. case.* The employee, there, had been directed to make a business call in LaFayette, Indiana, while he was returning from a vacation, and was hurt when his automobile overturned. We held that although an employee may regularly be employed only at the plant or place of business, yet he will still be in the course of his employment if he is directed to perform other or even unusual duties elsewhere. In the case before us, Beckman is not shown to have had any duties to perform away from the plant. Whether the sixty-seven cents was wages or expense money is immaterial. His death did not arise out of or in the course of his employment, and his employer is, therefore, not liable.

It is not necessary to consider the other questions raised.

The order of the superior court of Cook county, and the award of the Industrial Commission, are reversed.

*Order and award reversed.*