(No. 39328.—

BERNADINE URBAN, Appellee, *vs.* THE INDUSTRIAL COM-
MISSION *et al.*—(THE METAL ARTS CO., INC., Appel-
lant.)

*Opinion filed Jan. 25, 1966.—Rehearing denied March 23, 1966.*

GEORGE W. ANGERSTEIN, SIDNEY Z. KARASIK, and
JAMES F. GORMAN, all of Chicago, for appellant.

JACK L. SACHS, of Chicago, for appellee.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

On February 21, 1961, petitioner's husband, Edward J. Urban, was employed by the Metal Arts Co., Inc., the respondent, as a traveling salesman. At approximately 3:35 P.M. on that date, Urban was traveling alone in his automobile in a northerly direction on Eden's Expressway in Cook County when his automobile crashed into an abutment of a bridge at the Old Orchard crossing resulting in injuries causing his death. An arbitrator of the Industrial Commission, upon hearing, awarded petitioner death benefits, but the Industrial Commission reversed, finding that the decedent's fatal injuries did not arise out of and in the course of his employment. On writ of *certiorari* the superior court of Cook County reversed the Industrial Commission and remanded the cause for further proceedings. Upon hearing additional evidence, the Industrial Commission again entered a decision in respondent's favor. Petitioner then filed a second writ of *certiorari* to the circuit court of Cook County which reversed the decision of the Industrial Commission and ordered that the award of the arbitrator be reinstated.

The undisputed facts as revealed by the record show that at the time of Urban's death the respondent had office space on Touhy Avenue about three or four miles south of the bridge where Urban's automobile struck the abutment; that the employer's principal place of business and production was outside the State of Illinois; that the decedent's work was solicitation of business from many customers located both within and without the Chicagoland area; that he had sold nameplates to and had customers in the area of Northbrook, Illinois, and that his home was in Northbrook, the general direction in which he was going. He had left his office that morning to make calls and was expected to return.

The employer contends that there is some disputed evi-

dence that the deceased was on his way either to pick up a dog at a veterinarian's office or to pick up his child at school at the time of the accident. This evidence consists of statements by Mrs. Urban at the inquest and to respondent's investigator shortly after the death. Mrs. Urban's statement regarding the trip to the veterinarian was obviously confused because the veterinarian's records and a canceled check show that the dog was picked up a day prior to the accident. The record further indicates that the time at which the deceased could pick up his daughter would be some time after the accident.

The respondent contends that the decision of the Industrial Commission that the decedent did not sustain accidental injuries arising out of and in the course of his employment is not contrary to the manifest weight of the evidence or erroneous as a matter of law.

We do not quarrel with respondent's contention that it is error for the circuit court to substitute its judgment for that of the Industrial Commission upon questions of fact where the decision of the Industrial Commission is not manifestly against the weight of the evidence, or that where evidence is conflicting, the question of whether an accidental injury arose out of and in the course of employment is a question of fact for the Commission. It is also fundamental that it is the province of the Industrial Commission, rather than the courts, to draw reasonable conclusions and inferences from evidentiary facts.

However, in the present case the essential facts are undisputed although proved in part by circumstantial evidence, and a question of law is presented. Ordinarily it is held that accidents that occur while an employee is going to or from his place of employment do not arise out of and in the course of employment, (*Public Service Co. of Northern Illinois* v. *Industrial Com.* 370 Ill. 334,) but this is not true where the employee's trip is determined by the demands of his employment. (*Sjostrom* v. *Sproule,* 33 Ill.2d 40.) One

of the well recognized exceptions to the general rule of noncompensability involves traveling salesmen whose duties require them to travel from place to place. The decisions of this court as to traveling salesmen reveal that "It has uniformly been held that when an employee travels for his employer and returns after working hours he remains in the course of his employment on the way to his home." *Irwin-Neisler & Co.* v. *Industrial Com.* 346 Ill. 89, 93.

In *Swift & Co.* v. *Industrial Com.* 350 Ill. 413, the deceased was a traveling salesman who was driving a company car late at night outside of his territory but discovered he had forgotten his brief case and went back to the hotel where he had stayed the previous night and thereafter started back towards the place where he hoped to find a customer. The Industrial Commission awarded compensation, the circuit court reversed, and this court reversed the circuit court and reinstated the award, stating at page 418 that the employee "was not literally bound to quit work at six o'clock in the evening as his trip-sheet schedule provided. In the absence of any evidence to the contrary, the presumption of law obtains that Hutmacher, at the time of the accident, was performing the duty imposed upon him by his contract with his employer."

In *Porter Co.* v. *Industrial Com.* 301 Ill. 76, 79-80, the deceased, a traveling salesman, after having lunch at home, was injured boarding a street car on his way to the factory to settle up for the week and to get his instructions for the following week. There the court said: "The rule is that the accident must be suffered in the course of the employment, in the doing of something the employee may reasonably do at any time during which he is employed and at a place where he may reasonably be during that time to do that thing. * * * The fact that he found it convenient on his way to the office to get his lunch at home and stopped there for that purpose is not sufficient, of itself, to take the

accident out of the provisions of the Workmen's Compensation Act."

In *Illinois Publishing and Printing Co.* v. *Industrial Com.* 299 Ill. 189, 197, the court said that "solicitors and salesmen whose work is largely outside the plant * * * because of the nature of their business, are compelled to expose themselves to the hazards of the street and to the hazards of automobile and railroad transportation much more than the general public. In the case at bar it was the business of the employer that brought deceased to the place where he was killed, and the work in which he was engaged was just as essential to the operation of the employer's business as the work of the linotype operator or the pressman."

Also to the effect that the "going and coming" rule does not apply where the duties of the employee necessarily take him away from the employer's premises are *Olson Drilling Co.* v. *Industrial Com.* 386 Ill. 402, and *Sanborn Co.* v. *Industrial Com.* 405 Ill. 50.

Even if this is to be treated as a case involving a disputed question of fact, we do not think that the Commission had any reasonable justification for drawing the inference that at the time of the accident the deceased was on his way to school to pick up his child or going to see a veterinarian to pick up a dog.

The positive testimony in this record, uncontradicted and unimpeached, may not be disregarded by the trier of facts, (*Larson* v. *Glos,* 235 Ill. 584,) and it is not necessary for the claimant to negate every other possible inference which may be drawn from the evidence. (*Republic Steel Corp.* v. *Industrial Com.* 26 Ill.2d 32.) We concur with the statement of the circuit court judge that when you are concerned with the death of a traveling salesman you cannot separate the going to and coming from work from the moment that he is actually calling on a customer. We feel

that this record compels the conclusion that decedent died from injuries arising out of and in the course of his employment.

We agree with the trial court which twice held that the decision of the Industrial Commission was contrary to the law and the evidence, and affirm the decision of the circuit court reinstating the award of the arbitrator.

*Judgment affirmed.*