(No. 39798.—

Fay T. Moore, d/b/a F. T. Moore and Son, Appellant, *vs.* The Industrial Commission *et al.*—(Henry Paisley Lovette, Appellee.)

*Opinion filed September 23, 1966.*

Reno, O'Byrne & Kepley, of Champaign, for appellant.

Mitchem, Hendrix & Aldeen, of Urbana, (Charles W. Hendrix, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

On Saturday, October 6, 1962, Henry P. Lovette started to drive from Urbana, Illinois, to a construction project in Philo, Illinois, nine miles south. According to his undisputed testimony, his car was forced from the road by a cattle truck and crashed into a concrete abutment. He was seriously injured. The sole question presented on this appeal is whether the accident occurred during the course of his employment, so that his injuries are compensable under the Workmen's Compensation Act. Ill. Rev. Stat. 1961, chap. 48, pars. 138.1 to 138.28.

An arbitrator determined that Lovette was not in the course of his employment at the time of the accident. This determination was reversed by the Industrial Commission, and the commission's award was confirmed by the circuit court of Champaign County. The case is here on the employer's direct appeal.

Lovette had been employed by Fay T. Moore for approximately 2½ years at the time of the accident. Moore was a general contractor whose business was conducted, under the name F. T. Moore and Son, in Champaign, Urbana, and other communities in Champaign County. Lovette was paid on an hourly basis for his services, which he described as "carpenter, concrete, painting, anything that came along." His weekly earnings averaged $100.

On the date of the accident, Moore had two construction projects underway. One was an apartment building in Champaign; the other was a house in Philo. Lovette had worked at the Philo project on the day before the accident. He testified, "We ran out of material on this job and [Moore] said that there would be no more work on that job until he went to Farmer City and got some lumber the next morning."

On Saturday, October 6, Lovette reported to the construction project in Champaign. He asked Fay T. Moore's

son, Jerry Moore, whether he could work there as a painter. Jerry Moore replied that there were too few brushes for an additional painter. Lovette then asked whether Fay T. Moore had gone to Farmer City, and said, "[Moore] is going to be in a mess if it continues raining." According to Lovette's testimony, Jerry Moore responded, "He sure is. * * * If you want to work, go down and help him unload this lumber when it comes." Lovette said that if the rain continued, he would do so. He testified that Jerry Moore repeated that his father would be happy to have Lovette's assistance.

Lovette returned to his home in Urbana, where he picked up a raincoat and rainhat. He testified that he then began the trip to Philo, and that the accident occurred shortly before noon. He admitted that an opened bottle of liquor was in his car at the time of the accident, but denied that he had anything to drink. A doctor who treated him in a hospital emergency room after the accident noted on his chart, however, "strong odor from mouth, suggesting recent intake of alcohol."

It is not disputed that if Lovette was simply on his way to work at the time of the accident, his injuries would not be compensable. This court said in *Benjamin H. Sanborn Co.* v. *Industrial Com.* 405 Ill. 50, 53, "The general rule is firmly established that injuries sustained by an employee while going to, or returning from, the employer's place of business do not arise out of or in the course of the employment * * *." (See, *e.g., Public Service Co. of Northern Illinois* v. *Industrial Com.* 370 Ill. 334; *United Disposal and Recovery Co.* v. *Industrial Com.* 291 Ill. 480.) To avoid application of this general rule, Lovette argues that he was specifically directed by Jerry Moore to report to Philo and that he would have been paid for the time he spent traveling. *Cf. Benjamin H. Sanborn Co.* v. *Industrial Com.* 405 Ill. 50, 56-58.

In our opinion Jerry Moore's statements to Lovette can

not fairly be construed as a direction to Lovette to go to Philo. Lovette was told only that he could report there if he wished to work. He understood that the choice was his and answered that he would go if the rain continued. In these circumstances, Lovette had no obligation to report to Philo. At most he had the assurance of Jerry Moore that work would be available when he arrived.

Lovette testified that his wages would have included compensation for the time he spent on the trip to Philo. This conclusion was apparently not based on any specific assurance by Fay T. Moore or Jerry Moore, but rested instead on Fay T. Moore's employment practices as Lovette had observed them. Lovette described these general practices when he was asked on direct examination, "Were you paid for the time spent in traveling?" He answered: "After we reported for work, and on special occasions, you know, if he sent you somewhere he paid you for that. If you reported to work, * * * your time started in and you were paid." Lovette's description was confirmed by Fay T. Moore, who testified that an employee was paid from the time he reported to work at a construction site. If it became necessary to travel to a different project after the work day had begun, the employee's traveling time was charged to the second job. This practice does not, in our opinion, warrant an inference that Lovette would have been paid for the time he spent traveling to Philo. He had not reported to his first assignment of the day, but had only inquired at Champaign whether there was work for him to do. Lovette was not expected at either of his employer's projects on the day of the accident, and the evidence does not justify a finding that he would have been paid for driving to Philo.

The judgment of the circuit court of Champaign County, confirming the award of the Industrial Commission, is reversed.

*Judgment reversed.*