(No. 40070.—

THOMAS REED & SON, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(CHARLEEN H. HENNEBERRY *et al.*, Appellees.)

*Opinion filed Jan. 19, 1967.—Rehearing denied Mar. 27, 1967.*

GRAY, THOMAS, WALLACE & FEEHAN, of Joliet, (THOMAS FEEHAN and ROBERT J. BARON, of counsel,) for appellant.

J. Michael Madda and Michael H. Lyons, of Chicago, (Charles Wolff, of counsel,) for appellees.

Mr. Chief Justice Solfisburg delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Will County affirming an award of compensation by the Industrial Commission to petitioners. The Industrial Commission found that Mark Henneberry, deceased, sustained accidental injuries arising out of and in the course of his employment which resulted in his death, and awarded death benefits to the petitioners, his widow and minor children as his dependents. It is the theory of the respondent that the petitioners did not sustain their burden of proving by a preponderance of the evidence that the deceased's death arose out of and in the course of his employment and that therefore the award of the Industrial Commission is contrary to law and against the manifest weight of the evidence. More precisely, it is respondent's contention that the injury and resulting death of an employee, incurred while returning from work and off the employer's premises while not performing a duty for his employer, is not compensable.

The facts are undisputed. The decedent was at the time of his death employed by the respondent as an electrical foreman. Respondent had a contract with D'Amico's Restaurant in Joliet, Illinois, for the installation of electrical equipment including ovens and kitchen appliances which were being installed in the basement and kitchen. As respondent's foreman, the deceased was in charge of the installation. He was on the job daily co-ordinating the work to be done with the engineers and deciding with them the progress of the job. As foreman he acted as "pusher" for the job and had to see that the job got done and checked the work as it was being completed. As part of his duties the deceased prepared the time cards for the men working under him and for himself. On December 5, 1961, the work

at D'Amico's was almost completed and the restaurant was resuming its operation. That day appears to be the first day that all electrical equipment was to be in full use. After working all day at D'Amico's, Henneberry drove to his home in Morris, Illinois, arriving at about 5:45 P.M. He changed from his working clothes into a pair of slacks and a jacket, and after eating supper left his home about 9:30 or 9:45 P.M. He was seen that evening at about 10:30 P.M. on the premises of D'Amico's by George McGee, one of D'Amico's employees, who testified that he knew the deceased, that he saw him downstairs in the basement of D'Amico's with a flashlight checking something which he supposed was the electrical panel. He did not see the deceased at a table or at the bar or eating with the customers. It is not known when the deceased left D'Amico's, but the automobile accident fatal to him occurred six miles west of Joliet en route to Morris where he lived. A State trooper testified that the accident apparently occurred at 12:04 A.M. that morning, when decedent crossed the centerline and struck the cab of a tractor-trailer. Nelson Locke, comptroller for respondent, was called as a witness both by the petitioners and the respondent, and testified that the deceased was the only foreman on the D'Amico job, that he was paid on an hourly basis, and that he was paid for overtime when he submitted a request approved by the engineer or Mr. Reed. He also testified that there was no authorization for the deceased to work more than eight hours at any time during the week of December 5, 1961. He would have received the time cards from the deceased for himself and his men on December 6, but as the result of the fatal accident he did not receive a time card from the deceased for that week. Earl D'Amico, testifying for respondent, stated that he did not recall having requested the deceased to do any electrical work at his place that evening.

The petitioners insist that there was sufficient substantial evidence to permit a finding by the commission that the de-

ceased was returning home after performing a special service for his employer which required him to travel to D'Amico's Restaurant on the night he suffered fatal injuries. They therefore contend that such injury falls within the rule that an injury sustained going to or returning from the place of work before or after performing a special service or mission for the benefit of the employer, arises out of and in the course of the employment, citing *Kyle* v. *Greene High School,* 208 Iowa 1037, 226 N.W. 71.

As a general rule accidents that occur while an employee is going to or from his employment do not arise out of or in the course of his employment; however, this is not true where the employee's trip is determined by the demands of his employment. (*Urban* v. *Industrial Com.* 34 Ill.2d 159; *Maxim's* v. *Industrial Com.* 35 Ill.2d 601.) The *Urban* case involved a traveling salesman who was killed while driving home after calling on a customer, and there was evidence tending to show that Urban was working just prior to the time of the accident. Here there is no proof in the record as to what occurred between 10:30 P.M. when the deceased was last seen at D'Amico's premises and 12:04 A.M. the following morning when the accident occurred six miles from the restaurant.

Because of the view we take of this case it is unnecessary to determine as a matter of law whether or not an employee returning from performing a special service or mission for the benefit of the employer, although not requested to do so by the employer, is an exception to the general rule rule governing employees going to and coming from work. The question on this record is whether the commission could draw any legitimate inferences as to what happened in that hour-and-a-half period so as to sustain an award. The burden of proof, of course, is on the petitioners and they must prove that the injury arose out of and in the course of the employment. (*Hydro-Line Manufacturing Co.* v. *Industrial Com.* 15 Ill.2d 156.) It is also true that the "fact

that an injury resulting in death arose out of the employment need not be proved by direct evidence but may be established by circumstantial evidence leading to a fair, logical and reasonable inference that the injury originated in a risk of the employment or was incidental to the nature and conditions of the employment." (*Jefferson Ice Co.* v. *Industrial Com.* 404 Ill. 290.) We are of the opinion that the award made by the Industrial Commission and confirmed by the circuit court is contrary to the manifest weight of the evidence, and is based upon conjecture and speculation. The record is barren as to the hour-and-a-half period between which the employee was last seen working and the time of his death six miles away. In that period many things could have occurred, but for us to venture to say what did happen or attempt to draw some inferences to support the findings of the Industrial Commission would be pure conjecture and speculation, which we are not permitted. Accordingly, the judgment of the circuit court of Will County is reversed.

*Judgment reversed.*