2 Ill. App.3d 338 (1971)
276 N.E.2d 355
PERKINS PIPE & STEEL CO., INC., Plaintiff-Appellee,
v.
ACME VALVE & FITTING CO., Defendant-Appellant.
No. 55446.
Illinois Appellate Court  First District.
October 29, 1971.
*339 Block, Erdos & Lupel, of Chicago, (Warren Lupel, of counsel,) for appellant.
Reversed and remanded.
Mr. JUSTICE DRUCKER delivered the opinion of the court:
This is an appeal from a judgment awarding plaintiff $642 for defendant's breach of a contract to purchase certain metal fittings, valves and flanges. The case was tried without a jury.
On appeal defendant contends: (1) that the judgment was not supported by the evidence presented and (2) that plaintiff did not present any evidence in support of its allegations and therefore failed to bear its burden of proof on the material issues.
 1 Plaintiff has filed an appearance in this cause but no brief was filed in this court in response to defendant's brief. However, we shall still review the merits of this appeal rather than enter summary reversal. Daley v. Jack's Tivoli Liquor Lounge, Inc., 118 Ill. App.2d 264.
In its complaint plaintiff alleged that it sold and delivered certain merchandise to defendant; that defendant made a part payment of $642; and that defendant has failed to pay the remaining balance of $642.
In its answer defendant admitted purchasing certain merchandise from plaintiff but also alleged that it failed to pay the remaining balance of $642 because plaintiff sent defendant cast iron flanges rather than forged steel flanges as that portion of the contract provided for. Defendant further stated that it had offered to return the balance of the merchandise "and still tenders so to do" upon reimbursement of freight costs incurred.
Plaintiff filed a reply denying defendant's allegations and alleging that the flanges shipped were forged steel. Plaintiff further stated that it *340 would accept the return of the merchandise in settlement of the account but that defendant refused to do so.
Defendant called the only witness at the trial, Larry Klairmont, vice-president of defendant corporation. Klairmont testified that defendant had ordered certain valves and fittings from plaintiff through a Florida broker. A shipment arrived at defendant's plaint, the defendant paying approximately $400 in freight charges. When defendant had its first opportunity to inspect the goods, it discovered that the fittings were not forged steel as had been ordered but were cast iron. Defendant offered on one or more occasions to return the fittings to plaintiff but plaintiff would not accept this arrangement unless defendant prepaid the freight costs. This defendant refused to do.

Opinion
 2 Defendant contends that the judgment was not supported by the evidence presented. The standard applicable in determining whether the findings of the trial court are erroneous as a matter of law is set forth in Pedrick v. Peoria & Eastern R.R. Co., 37 Ill.2d 494, 510. Reversal is required only if "all of the evidence, when viewed in its aspect most favorable to [the plaintiff here] * * *, so overwhelmingly favors [the defendant here] * * * that no contrary [finding] * * * based on that evidence could ever stand."
The only evidence presented as to whether the goods in issue conformed to the contract was the testimony of defendant's witness, Larry Klairmont, that the fittings were not forged steel as had been ordered but were cast iron and that defendant offered to ship the goods back to plaintiff but that plaintiff refused this arrangement unless defendant prepaid the freight costs.
In Larson v. Glos, 235 Ill. 584, 587, the court stated:
"Where the testimony of a witness is uncontradicted, either by positive testimony or by circumstances, either intrinsic or extrinsic, and the witness is not impeached, the testimony cannot be rejected even by a jury. The witness in this case was not contradicted or impeached, and the facts testified to were not improbable in themselves or in connection with any circumstances in the case."
See Urban v. Industrial Commission, 34 Ill.2d 159.
 3 Klairmont's testimony was positive, uncontradicted and unimpeached. It could not be disregarded by the trier of fact and must be considered dispositive of the main issue as set out by the pleadings  that plaintiff did not send forged steel flanges as the contract provided for.
The record shows that the entire order consisted of two 14-inch steel flanges (the goods in issue), two 8-inch stainless steel valves, two 6-inch *341 PRV valves, one 6-inch steel flanged gate valve, and seven used valves. Apparently these were five commercial units[1] of valves with the two steel flanges in issue constituting one such unit. Defendant had the right to accept the four units of valves which conformed to the contract and reject the non-conforming flanges in issue.[2] The record further indicates that defendant's rejection was effective since it was made within a reasonable time after delivery and plaintiff was seasonably notified thereof. (Ill. Rev. Stat. 1965, ch. 26, par. 2-602(1).) Therefore, since defendant rightfully rejected the goods in issue, plaintiff is not entitled to payment for them.[3]
The judgment of the circuit court is reversed, and the cause is remanded with directions to enter judgment for defendant.
Reversed and remanded with directions.
ENGLISH, P.J., and LORENZ, J., concur.
NOTES
[1] "`[C]ommercial units' means such a unit of goods as by commercial usage is a single whole for purposes of sale and division of which materially impairs its character or value on the market or in use. * * *" Ill. Rev. Stat. 1965, ch. 26, par. 2-105 (6).
[2] "[I]f the goods or the tender of delivery fail in any respect to conform to the contract, the buyer may * * * (c) accept any commercial unit or units and reject the rest." Ill. Rev. Stat. 1965, ch. 26, par. 2-601.
[3] "Subject to the provisions of the two following sections on rejected goods [which are not relevant here] * * * (c) the buyer has no further obligations with regard to goods rightfully rejected." Ill. Rev. Stat. 1965, ch. 26, par. 2-602(2).