DEERPATH INVESTMENT, INC., Plaintiff-Appellee, *v.* ALAN J. BARACK, Indiv. and d/b/a Westlake Optical, Inc., Defendant-Appellant.

Second District No. 82—281

Opinion filed February 2, 1983.

Howard R. Teegen, of Soffietti, Johnson, D'Isa & Teegen, of Fox Lake, for appellant.

Michael W. Klobnak, of Gardner, Carton & Douglas, of Libertyville, for appellee.

JUSTICE HOPF delivered the opinion of the court:

Defendant Alan J. Barack appeals from an order of the circuit court of Lake County, Illinois, that found him personally liable for

rent due for breach of a lease. Defendant contends that because he signed the lease in a representative capacity on behalf of his corporation he was not personally liable on the lease. After a bench trial, the trial court entered judgment for rent as to defendant's corporation and reserved ruling on whether or not defendant would be liable individually. Later, after the filing of briefs and oral arguments, the trial court entered judgment against defendant individually. Defendant appeals.

The lease in issue identified the parties as follows:

| LESSEE | LESSOR |
|---|---|
| Alan J. Barack, President | Westlake Medical Center |
| Westlake Optical, Inc. | By William C Dam, M.D. |

By the terms of the lease defendant rented one-half of an office suite for a period of five years. Both the lease and a four-page rider were signed by defendant Barack with "Pres." after his name.

The plaintiffs purchased the subject premises from the original lessors. Paul Morlock, a representative of Deerpath Investment, Inc., testified that he represented the owners of the lease, who had purchased the premises on October 1, 1981. Morlock testified that soon after the purchase defendant told him that he would be unable to pay the rent, but he did not mention that the defendant's corporation would be unable to pay the rent. Morlock testified that the defendant at no time said someone other than the corporation would pay the rent, that the question had never come up. Further evidence disclosed that all but one of the rent checks were issued by the corporation.

Defendant testified that he was the president of an Illinois corporation known as Westlake Optical, Inc., which operated a business on the premises from August 1980 until November 5, 1981. He abandoned the premises because he was unable to pay the bills the business had incurred. He admitted he had paid no rent for four months.

Defendant testified that he was the promoter of the corporation known as Westlake Optical, Inc. He had discussed the formation of the corporation with his attorney prior to the execution of the lease on June 20, 1980, but the corporation had not been formed at that time. The corporation was issued a charter by the Secretary of State on August 29, 1980, and he indicated that he was the president of that corporation, Westlake Optical, Inc. He indicated that when he met with Dr. Dam and signed the lease he told Dr. Dam that an optical business would be on the premises, that the corporation was to be the party responsible on the lease and that he was not to be individually responsible. Defendant testified that he paid the first month's rent in August of 1980 with a check drawn on an account of a corpo-

ration known as Fox Lake Optical, Inc. He took possession of the premises and all subsequent checks were drawn on the account of his new corporation, Westlake Optical, Inc. On cross-examination defendant indicated that he did not resign the lease after the corporation was formed on August 29, 1980.

Dr. Dam, who signed the lease on behalf of the Westlake Medical Center, which was the assignor of the plaintiff in this cause of action, did not testify.

The corporate minutes of Westlake Optical, Inc., reflect that the corporation ratified and adopted the subject lease on September 10, 1980.

After arguments the court indicated that it would enter judgment for $4,400 against defendant Westlake Optical, Inc., and that it would reserve rulings on whether judgment should be entered against defendant individually. After subsequent briefs and a hearing, judgment was entered against defendant individually.

Defendant first contends that the trial court erred in finding that he had signed the lease in his individual as well as his corporate or representative capacity. Because we reverse, other issues raised will not be reached.

■ Defendant Westlake Optical, Inc., conceded in its answer to plaintiff's complaint that it was liable on the lease. Defendant contends that the trial court was correct in its finding that the language of the lease was ambiguous. While the record does not clearly indicate that the trial court made a finding in this regard, it did allow parol evidence of the conversations between defendant and the original lessor into evidence. Therefore we assume that the trial court considered the contract terms in issue to be ambiguous. As defendant contends, contracts can be considered ambiguous when the words used by the parties are susceptible to being understood in more than one sense. *Coney v. Rockford Life Insurance Co.* (1966), 67 Ill. App. 2d 395, 399, 214 N.E.2d 1, 3.

■ ■ Defendant contends that the trial court either misconstrued or disregarded his testimony. He contends he did not intend to become individually liable on the lease. It is clear that the intention of the parties controls and such intention must be gathered from the facts and circumstances shown by the evidence. (*Cedar Park Cemetery Association, Inc. v. Village of Calumet Park* (1947), 398 Ill. 324, 75 N.E.2d 874.) Here, the trial court allowed parol evidence in order to ascertain what the intent of the parties was. After a hearing the defendant was found personally liable. The court was faced with the question of the credibility of the witnesses, and such questions are for

the trier of fact and the determination of credibility will not be set aside unless it is against the manifest weight of the evidence. (*Schulenburg v. Signatrol, Inc.* (1967), 37 Ill. 2d 352, 226 N.E.2d 624.) However, in the recent supreme court case of *People ex rel. Brown v. Baker* (1981), 88 Ill. 2d 81, 85, 430 N.E.2d 1126, it was stated:

> "Where the testimony of a witness is neither contradicted, either by positive testimony or by circumstances, nor inherently improbable, and the witness has not been impeached, that testimony cannot be disregarded even by a jury. *Larson v. Glos* (1908), 235 Ill. 584, 587; see also *Urban v. Industrial Com.* (1966), 34 Ill. 2d 159, 163; *Dill v. Widman* (1952), 413 Ill. 448, 454."

The testimony of Alan J. Barack to the effect that it was the intention of the parties that he would not be personally liable and that the corporation solely would be appears to be uncontradicted. It appears further that there was no impeachment of his testimony. In fact the testimony of the witness, Morlock, called on behalf of the plaintiff, appears to corroborate the testimony of the defendant. In the bystanders report he was alleged to have testified "at no time did Barack say someone other than the corporation would pay the rent."

■ The defendant did sign the lease "Alan J. Barack, pres." There is authority that words to characterize the signer which are mere *descriptio personnae* will not relieve the signer of personal liability. (*Williams v. Miami Powder Co.* (1890), 36 Ill. App. 107, 114.) In another more recent case, however, where the court found an individual personally liable on a promissory note that was labeled "proposal for an agreement" the court stated:

> "It has long been the rule that an individual who signs a promissory note does not relieve himself from personal liability by affixing his corporate title to his signature *absent evidence that the parties intended to hold the corporation alone liable for the debt.*" (Emphasis added.) *Harris v. American General Finance Corp.* (1977), 54 Ill. App. 3d 835, 839, 368 N.E.2d 1099, 1103.

Here the trial court did permit parol evidence, which evidence was to the effect that the corporation alone would be liable.

It appears that Dr. Dam, representing the lessor, drew the document, and any ambiguity is to be considered most strongly against the author. (*Cedar Park Cemetery Association, Inc. v. Village of Calumet Park* (1947), 398 Ill. 324, 333, 75 N.E.2d 874, 879.) However, we do note that the defendant should be responsible for the authorship of his own signature.

We are of the opinion that the interpretation of the documentary

evidence is an insufficient circumstance to warrant the trial court's disregard of the unimpeached testimony of Alan J. Barack. (*People ex rel. Brown v. Baker* (1981), 88 Ill. 2d 81, 430 N.E.2d 1126.) We find that it was not the intention of the parties that the defendant be personally liable.

■ The same principles enunciated as to the personal liability of the defendant for the terms of the lease would be applicable to any contention that the defendant would have a liability as a promoter of the corporation. This was simply not their intention. *H. F. Philipsborn & Co. v. Suson* (1974), 59 Ill. 2d 465, 322 N.E.2d 45; *Stap v. Chicago Aces Tennis Team, Inc.* (1978), 63 Ill. App. 3d 23, 26, 379 N.E.2d 1298.

The finding of the trial court as to the personal liability of the defendant, Alan J. Barack, must be reversed.

Reversed.

SEIDENFELD, P.J., and REINHARD, J., concur.