JOHN MARCO, Plaintiff-Appellant, v. THE COUNTY OF McHENRY, Defendant-Appellee (Calvin L. Skinner, Sr., Defendant).

Second District   Nos. 2—90—0769, 2—90—0855 cons.

Opinion filed August 22, 1991.

A. Denison Weaver, of A. Denison Weaver, Ltd., of Chicago, for appellant.

Deneen, Stone & Neese, of Woodstock, Thomas F. Baker, of Cowlin, Ungvarsky, Kukla & Curran, of Crystal Lake, and David R. Akemann, of Elgin, for appellee.

JUSTICE DUNN delivered the opinion of the court:

Plaintiff, John Marco, appeals from an order of the circuit court of McHenry County granting summary judgment to defendant, County of McHenry (County). Marco alleged in his complaint that the County was vicariously liable for the negligence of defendant, Calvin Skinner, Sr., a McHenry County Board member whose automobile struck Marco while Skinner was driving to a meeting of the board's health and agriculture committee. The parties raise the following issues on appeal: (1) whether the principal is liable for physical harm caused by the negligent physical conduct of a nonservant agent, and (2) whether driving to a legislative committee meeting was an action within the scope of Skinner's official duties. We affirm.

The evidence submitted in connection with the County's motion for summary judgment established the following facts which are essentially undisputed. On August 8, 1988, Skinner, a long-standing member of the McHenry County Board, was driving to a meeting of the board's health and agriculture committee. The meeting was scheduled to take place at 7:30 that evening at the County courthouse. While traveling down Country Club Road on his way to the meeting,

Skinner's car struck Marco, who was standing in the roadway and attempting to remove an obstruction. Marco was seriously injured. The accident took place some time between 7 and 7:10 p.m.

The evidence further established that attending meetings of the health and agriculture committee was a part of Skinner's regular duties as a board member. According to County records, there were 13 meetings of the committee between December 21, 1987, and August 8, 1988, including two scheduled for the latter date. All were held at the County courthouse in Woodstock. Skinner attended each of these meetings with the exception of the 7:30 p.m. meeting on August 8.

County Board rules provided that members could receive mileage reimbursement for travel to and from committee meetings. Skinner sought such reimbursement for the afternoon committee meeting on August 8 but did not seek it for the 7:30 p.m. meeting.

The trial court granted the County summary judgment on the basis that Skinner was at most a nonservant agent of the County and, under the Second Restatement of Agency, a principal is not liable for physical harm caused by negligent physical conduct of a nonservant agent. (Restatement (Second) of Agency §250 (1958).) The instant appeal ensued. Skinner died while this cause was pending in the circuit court. His estate is not a party to this appeal because it reached a settlement with Marco shortly after summary judgment was granted to the County.

A motion for summary judgment should be granted only if the pleadings, depositions, admissions, and affidavits on file show that no genuine issue exists as to any material fact and the movant is entitled to judgment as a matter of law. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240-41.) Summary judgment is a drastic means of resolving litigation and should be granted only if the right of the movant is clear and free from doubt. *Purtill*, 111 Ill. 2d at 240.

The doctrine of *respondeat superior* is an exception to the general rule that a person injured by another's negligence may only seek redress from the individual who caused the injury. (*McConnell v. Freeman United Coal Co.* (1990), 198 Ill. App. 3d 322, 325.) Under this doctrine a master is liable for the negligence of a servant or agent if the negligent act was committed within the scope of employment. (*Darner v. Colby* (1941), 375 Ill. 558, 566.) Whether such a relationship exists is a factual question which will depend upon the relationship between the parties as shown by the evidence. (*Darner*, 375 Ill. at 560.) One who hires an independent contractor is generally not liable for any negligent acts on the part of the independent contractor. (*Dumas v. Lloyd* (1972), 6 Ill. App. 3d 1026, 1030.) An individual

who is hired by another will be considered an independent contractor rather than an employee if he or she undertakes to achieve a given result without being controlled in any manner as to the method used to achieve it. *Dumas*, 6 Ill. App. 3d at 1029.

■ The County contends that the circuit court acted correctly in applying the rule set forth in section 250 of the Second Restatement of Agency that a principal is not liable for physical harm resulting from negligent physical conduct of a nonservant agent. Plaintiff does not dispute the County's assertion that Skinner was a nonservant agent. According to plaintiff, however, Illinois law makes no distinction between the liability of a master for a servant's tort and the liability of a principal for an agent's tort. Plaintiff further argues that, under this court's decision in *Holda v. County of Kane* (1980), 88 Ill. App. 3d 522, counties are vicariously liable for negligent acts of elected county officials committed within the scope of their official duties. In *Holda*, this court held that the defendant county was liable for the negligent conduct of its sheriff in operating the county jail even though the county board had no power to control the sheriff in the operation of the jail. (*Holda*, 88 Ill. App. 3d at 531-32.) The County contends that *Holda* should be reconsidered and overruled and, even assuming its continued viability, it would not render the County liable under the circumstances of this case.

We do not find it necessary to decide whether section 250 of the Second Restatement of Agency was correctly relied upon by the trial court or whether *Holda* should be overruled. Instead, we agree with the County that, assuming the continuing viability of *Holda*, that decision does not render the County liable in the present case. Although this court determined in *Holda* that the defendant county was liable under the doctrine of *respondeat superior* (88 Ill. App. 3d at 531), it is not clear whether this court considered the sheriff to be an agent or employee of the county. This court stated as follows:

> "[W]e believe it is self-evident that the county may be liable on a vicarious liability theory for the negligence of its sheriff occurring in the course of his duties." 88 Ill. App. 3d at 532.

■ Even if we assume solely for the sake of argument that the above statement applies with equal force to the negligence of county board members occurring in the course of their duties, summary judgment was appropriate because the accident did not occur in the course of Skinner's official duties. In *Pyne v. Witmer* (1989), 129 Ill. 2d 351, our supreme court stated that an employer is only liable for an employee's tort under the doctrine of *respondeat superior* if the tort was committed within the scope of the employment. (*Pyne*, 129 Ill. 2d at

359.) The court also stated that an employee traveling to or from work is not acting within the scope of employment unless: (1) the employer causes the employee to travel away from a regular workplace or (2) the employee's travel is at least partially for the employer's purpose and is not merely intended to convey the employee to or from a regular jobsite. *Pyne*, 129 Ill. 2d at 356.

Although the case at bar does not necessarily involve an employer-employee relationship, the standard of whether Skinner was acting within the scope of his official duties is essentially the same as set forth in *Pyne*: whether the employee was acting within the scope of employment. Accordingly, we consider *Pyne* to be controlling here. Marco argues that an issue of fact exists as to what, if anything, constituted Skinner's "normal place of employment" as a board member, citing evidence that Skinner did much of his board work at home.

■ This evidence does not create a genuine issue of material fact, however. The court in *Pyne* did not refer to a single, normal workplace; instead, it referred to "a regular jobsite." (129 Ill. 2d at 352.) The evidence presented to the trial court established that Skinner often attended board committee meetings at the McHenry County courthouse as a part of his duties as a board member. Therefore, Skinner was clearly driving to "a regular jobsite" when he was driving to the health and agriculture committee meeting on August 8, 1988. Neither of the exceptions mentioned in *Pyne* is applicable because the Board did not cause Skinner to travel away from a regular workplace and Skinner's travel served merely to convey him to a regular jobsite; it was not otherwise at all intended to serve the Board's purposes. Accordingly, under *Pyne*, Skinner was not acting in the course of his duties as a board member at the time of this accident.

A judgment may be sustained upon any ground warranted by the record even if the trial court did not rely upon that ground. (*Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387.) We therefore conclude that summary judgment was appropriate in this case on the basis that, at the time of the accident, Skinner was not acting within the course of his official duties as a board member.

Marco also argues that travel to a board committee meeting should be considered within the scope of Skinner's official duties when he was reimbursed for such travel pursuant to statute (Ill. Rev. Stat. 1987, ch. 34, par. 403—2) and the rules of the County Board. This does not affect our conclusion that Skinner's accident was not within the scope of his official duties as a board member. (See *Public Service Co. v. Industrial Comm'n* (1938), 370 Ill. 334, 335 (employee's accident on way home from work not within course of employment al-

though employee reimbursed for travel to and from work).) Since the principles enunciated in *Pyne* clearly indicate that Skinner was not acting within the scope of his official duties at the time of the accident, we conclude that the trial court properly granted summary judgment to the County.

For the above reasons, the judgment of the circuit court of McHenry County is affirmed.

Affirmed.

UNVERZAGT, J., concurs.

PRESIDING JUSTICE REINHARD, specially concurring:

While I do not disagree with the conclusion that Calvin Skinner, Sr., was not acting within the scope of his official duties when the accident with plaintiff occurred, I believe a different analysis is appropriate here.

Initially, I observe that, while the parties did not brief or argue the issue, I am not convinced that Skinner under these circumstances is an agent of the county. Generally, an individual county board member has no authority to act on behalf of the county. See *Harris Trust & Savings Bank v. Duggan* (1983), 95 Ill. 2d 516, 526; *Pauly v. County of Madison* (1919), 288 Ill. 255, 260.

Furthermore, even if Skinner were an agent of the county, he would be a nonservant agent. I believe the trial court correctly concluded that, in accordance with section 250 of the Restatement of Agency (Restatement (Second) of Agency §250 (1958)), a principal is not liable for the physical harm caused by a nonservant agent's negligence. See 3 Am. Jur. 2d *Agency* §280, at 784 (1986).

The rule in section 250 does not conflict with the doctrine of *respondeat superior*, but in fact complements it. Even though *respondeat superior* can apply to agents, the doctrine is fundamentally rooted in the master-servant relationship; where *respondeat superior* is applied to an agent, the question is still whether the agent-employee was acting within the scope of his *employment*. (See 3 Am. Jur. 2d *Agency* §280 (1986).) Because *respondeat superior* is dependent upon the master-servant relationship (see *Palmer v. Miller* (1942), 380 Ill. 256, 259), the doctrine does not apply to an agent who is not also acting in a master-servant relationship.

Finally, I note that the case of *Holda v. County of Kane* (1980), 88 Ill. App. 3d 522, in which no opinion was joined by a majority of the justices on the panel, does not compel a contrary conclusion. Although

Justice Lindberg's opinion in *Holda* spoke of the county's "vicarious liability *** for injuries occasioned by the sheriff's negligence," the facts of that case reveal that the negligent acts were those committed by the "jailers" employed by the defendant county. *Holda*, 88 Ill. App. 3d at 526-27, 532.

For the above-stated reasons, I concur in the affirmance of the trial court's entry of summary judgment in favor of the county.